## SIMMS ET AL. VS. RICHARDSON & MAY.

1. CLAIMS AGAINST ESTATES: *When not necessary to authenticate.*

It is not necessary for a mortgage creditor to authenticate his claim against the estate of the deceased debtor, before filing a bill to foreclose the mortgage.

2. ———: *Probate of, no bar to foreclosure.*

The fact that the creditor has probated his claim against the estate and obtained an order for its payment, constitutes no bar to a proceeding to foreclose the mortgage.

3. PARTIES: *Heirs necessary to bill to foreclose mortgage.*

The heirs at law of a deceased mortgagor are necessary parties to a bill to foreclose the mortgage.

4. ———: *Defect of, in equity.*

The non-joinder of parties in equity may be taken advantage of by demurrer or answer, or the objection may be raised at the hearing; and if the objection is not made, the court may refuse the relief sought; if the defect appear on the face of the proceedings the decree may be reversed in the Supreme Court therefor. The provision of the Code, that the failure to object by demurrer or answer to a defect of parties, shall be deemed a waiver of the same, does not apply to equitable proceedings.

APPEAL from *Chicot* Circuit Court in Chancery.
Hon. THEODORIC F. SORRELLS, Circuit Judge.
*Reynolds,* for appellant.
*Garland, contra.*

ENGLISH, CH. J.:

Richardson & May filed a bill on the Chancery side of the Circuit Court of Chicot County, against John G. B. Simms, Charles E. Sessions and Alexander De Valcourt, administrator of the estate of Walter Sessions, deceased, to foreclose a mortgage.

The bill alleges, in substance, that on the 12th of January, 1872, Walter Sessions, then living, executed to plaintiffs, Richardson & May, his note for $2532.79, due at twelve months, and bearing 8 per cent. interest from date; and to secure the payment of the note, conveyed to them, by mortgage of that date,

certain lands situated in Chicot County, which are described, and the note and mortgage are made exhibits.

That part of said indebtedness has been paid, and a large balance has long been due, and there is now due and owing to plaintiffs the sum of $2348.10.

That long after the execution of said mortgage, one Richard R. Sessions and defendant Simms purchased said lands, and said Simms is now in possession of part of them. That said Richard R. Sessions afterwards conveyed part of the said lands to defendant Charles E. Sessions, and he and defendant Simms are now in possession of all of said lands.

That defendant Alexander De Valcourt is the administrator of the estate of Walter Sessions, deceased.

Prayer for decree for the debt, that the mortgage be foreclosed, and the lands sold for the satisfaction of the debt, etc.

At the return term (12th July, 1876), defendants filed a motion to dismiss the suit on the grounds that it did not appear that the mortgage debt was verified by affidavit, as a claim against the estate of Walter Sessions, deceased, before the institution of the suit; and the court overruled the motion, on the 19th of July.

On the 20th July, defendants Simms and Sessions moved to dismiss the suit by reason of matter that is set up as an estoppel and stated in the motion, in substance as follows :

" That plaintiffs probated their claim against the estate of said Walter Sessions, deceased, and had same classed against said estate as a claim, in the Probate Court of Chicot County; and afterwards applied to said court for an order of payment; and upon the grounds that plaintiffs had a lien on the property of said estate, and that the property was worth more than the amount of the claim, the court ordered said claim or demand to be paid, after payment of a claim against said estate in favor of

Chas. G. Scott, as administrator of the estate of John Drennen, deceased, which amounted to about $1000. That from the account current of the administrator of said estate of Walter Sessions, deceased, there is a large balance in the hands of said administrator amounting to the sum of $3640.32, and more than enough to pay the debt of said Scott and the debt of plaintiffs; and that said estate has reserved a lien upon the lands in this suit to secure still other large sums due said estate; and defendants insist that by reason of obtaining said order of payment plaintiff's are estopped from seeking to enforce their lien against the said property if any such they have."

This motion to dismiss the suit was heard and overruled on the day it was filed.

On the same day defendants Simms and Sessions filed a motion asking the court to require plaintiffs to make the heirs at law of Walter Sessions, deceased, parties defendant.

This motion was heard and overruled by the court on the day it was filed.

On the next day (July 21st), the record states that the cause came on to be heard, and it appearing to the court that defendants had been duly served with process, and had wholly failed to answer or demur to the complaint, the court proceeded, upon bill and exhibits, to render a decree in favor of plaintiffs for the amount due upon the mortgage debt, declaring it to be a lien upon the lands, foreclosing the mortgage, barring the equity of redemption of the defendants, and directing a sale of the lands, by a commission, for the satisfaction of the decree.

On the 25th of July, defendants filed a motion to set aside the decree, on the grounds that it had been entered without their knowledge, and while the court had under advisement the question of their right to interpose other or further defenses, with leave to defendants to submit an argument in favor of such rights, etc.

On the same day defendants filed a demurrer to the bill.

The court overruled the motion to set aside the decree, and struck the demurrer from the files.   One of the causes assigned for demurrer was that the heirs of Walter Sessions were not made defendants.

Defendants appealed to this court.

I.   It was not necessary for appellees to make an affidavit authenticating their debt before filing their bill to foreclose the mortgage.   They did not seek, by this suit, to satisfy their debt out of the general assets of the estate of Walter Sessions, deceased, in the hands of his administrator, but to enforce their lien upon lands mortgaged to them by Sessions, in his life time, to secure the payment of the debt.   The court below did not err, therefore, in overruling the motion of appellant to dismiss the suit for want of such an affidavit, as repeatedly held by this court.   *Pope's Heirs et al.* v. *Boyd's Adm'x,* 22 Ark., 535 ; *Allen et al., adm'r* v. *Smith, ex'r,* 29 Ark., 74; *Haskell et al.* v. *Sevier et al.,* 25 Ark. 152, *Nicholls & Barrett* v. *Gee, adm'r, et al.,* 30 Ark., 135; *Hall* v. *Denckla,* 28 Ark., 506.

II.   The matter set up as an estoppel in the second motion of appellants to dismiss the suit, was not good cause for dismissal, nor would it have been a valid defense to the suit if properly pleaded.

On default of payment of the mortgage debt at maturity, appellees had the right to sud at law upon the debt, bring ejectment for the possession of the lands, and to file a bill to foreclose the mortgage.   *Fitzgerald* v. *Beebe,* 7 Ark., 319.   And they had the right to pursue all these remedies at once, though entitled to but one satisfaction.   *Very* v. *Watkins et al.,* 18 Ark., 553 ; *Sullivan* v. *Hadley,* 16 Ark., 144.

The substance of the matter set up in the motion to dismiss is, that appellees had probated their debt against the estate of the mortgagor, and obtained an order of the Probate Court for its payment, and there were sufficient assets in the hands of the administrator to pay the debt. But there is no averment in the motion that the debt had been paid, or that appellees had obtained satisfaction of their demand by this remedy. The allowance of their claim in the Probate Court was no bar to their remedy by bill in equity to foreclose the mortgage. *Turner, use, etc.* v. *Horner, adm'r*, 29 Ark., 441.

III. The equity of redemption of the mortgagor, is considered to be the real and beneficial estate, tantamount to the fee at law, and is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an estate of inheritance at law. *State, use, etc.* v. *Lawson*, 6 Ark. (1 Eng.), 269.

On the death of Walter Sessions, the mortgagor, his estate in the lands in controversy, descended to his heirs at law, and they had the right to redeem the lands, unless before his death he conveyed his estate in the lands to others, or it was sold under execution and purchased by other persons.

As to parties defendant to the bill to foreclose a mortgage, the rule is that the heirs or devisees of the mortgagor, who dies the owner of the fee, are indispensible parties. If, however, the estate has been conveyed by him, or assigned by operation of law, then only the assignee need be made a party, etc. *Erwin, adm'r, et al.* v. *Ferguson et al.*, 5 Ala., 164; *Allen & Hill, adm'r* v. *Smith, adm'r*, 25 Ala., 495; *Kiernan* v. *Blackwell, adm'r, et al.*, 27 Ark., 235; *Allen et al., adm'r* v. *Smith, ex'r*, 29 Ark., 74.

In a bill to foreclose, the heirs at law of the deceased mortgagor should be made defendant, or some excuse for not making

them defendants should be shown upon the face of the bill; as that the mortgagor conveyed his estate in the mortgaged lands before his death, or that it was sold under execution, or that after his death his interest in the lands was sold under an order of the Probate Court, etc.

The allegations of the bill in this case are very loose. The death of Walter Sessions is not directly averred. It is alleged that he executed the note and mortgage while living, and afterwards it is averred that defendant De Valcourt is the administrator of his estate. There is no allegation that he had conveyed his estate in the lands before his death, or that he had no estate in the lands at the time of his death.

There is a loose averment, that long after the execution of the mortgage, one Richard R. Sessions and defendant Simms, purchesed said lands, etc., but of whom, or how they purchased, is not alleged.

Admitting all of the allegations of the bill to be true, as if upon demurrer, yet for anything that appears to the contrary, Sessions may have died seized of the equity of redemption in the lands, and this estate may have descended to his heirs at law.

If the proper parties are not made, the defendant may demur to the bill, if the defect appear on its face, or take the objection by plea or answer, or, at the hearing, object that the proper parties are wanting; or the court itself may state the objection, and refuse to make the decree, or if a decree be made, and the defect appear on the face of the bill, the decree may be reversed for such defect on appeal. Story Eq. Plead., sec. 75. *Porter et al.* v. *Clements*, 3 Ark., 364; *Kiernan* v. *Blackwell, adm'r, et al.*, 27 Ark., 235.

The Civil Code has undertaken the difficult task of making rules of pleading and practice applicable in common to suits at law and in equity.

Simms et al. vs. Richardson & May.

Sec. 4564 (Gantt's Dig.), enumerates the grounds for which the defendant may demur to the complaint, and among them:

"*Fourth*—That there is a defect of parties, plaintiff or defendant."

Sec. 4567, Ib., provides that: "When any of the matter enumerated in sec. 4564 do not appear upon the face of the complaint the objection may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Let it be assumed to be a universal and absolute rule that a defect for want of proper or necessary parties can only be taken advantage of by answer or demurrer, and that unless so taken advantage of it is waived, and that the court must render a decree notwithstanding such defect may be apparent on the face of the bill, and that the decree cannot be reversed on appeal because of such defect, and see what mischief may result from the rigid enforcement of the rule according to the letter of the statute.

As an example, suppose Walter Sessions, the mortgagor, had been living when the bill in this case to foreclose the mortgage was filed, and he had not been made a defendant, but mere occupants of the lands had been made defendants, and they had failed to set up the objection that he was not made a party by answer or demurrer, should the court have rendered a decree foreclosing the mortgage, and ordering the lands sold to pay the debt? We think not. Such a decree would not bar the equity of redemption of the mortgagor, nor would a purchaser under the decree get a good title to the lands.

Sessions being dead, it was just as necessary to make his heirs at law defendants, or to show on the face of the bill that they

had no title to the lands, as it would have been to make him a defendant had he been living when the bill was filed.

We think the sections of the statute above copied, must be construed in connection with sec. 4470 of the Digest, which provides for the making of necessary parties, and sec. 4616, which provides for amendments.

On the motion of appellants to require appellees to make the heirs of Walter Sessions defendants, the court should have required them to make them defendants, or to so amend the bill as to show that they had no estate in the lands, and hence were not necessary parties. 15 B. Monroe, 589; 2 Duer., 663; 29 Barbour, 25.

For the error of the court in refusing to do so, the decree must be reversed, and the cause remanded for further proceedings.