## ROGERS V. STEVENSON ET AL.

MORTGAGE: *Remedy of mortgagee after death of mortgagor.*

In February, 1874, Stevenson made his note to Rogers bearing interest at two per cent. per month from date until paid, and secured it by mortgage on land. Stevenson died in 1875 and his executor paid the debt in 1880, out of the assets of the estate, upon the affidavit of Rogers of its justness and non-payment. It was never presented to nor allowed by the probate court. When the executor claimed credit for the payment in his final settlement exceptions were sustained by the probate court to the excess of interest over ten per cent. per annum from April 27, 1876,—the time the probate court found it ought to have been presented to the court for allowance. Rogers then refunded to the executor the amount of the supposed over payment ($441), and filed his bill in equity to foreclose the mortgage. *Held*, first, That the debt not being probated, the executor had nothing to do with it, but the court might have ratified the payment. Second, But the court having repudiated the payment of the excessive interest, Rogers was left free to foreclose his mortgage in equity for the balance due on it, $441, with interest at the rate of two per cent. a month from the day it was paid by the executor to the date of the decree to be rendered.

APPEAL from *White* Circuit Court, in Chancery.
Hon. M. T. SANDERS, Circuit Judge.

*W. R. Coody* for appellant.

The mortgagee had three remedies, but could have only one satisfaction. He can sue, obtain judgment, sell other property, and collect what he can in any legal way; or he might take possession of the land mortgaged and apply the rents; or foreclose and sell the lands for the amount due on the mortgage. *7 Ark., 319; 18 Ark., 546.*

The proceedings at law on the note, and in equity for foreclosure are entirely distinct proceedings, and one can not affect the other. The payment of the judgment at law may or may not satisfy the mortgage; depending upon its

extent.   *Chollar v. Temple, 39 Ark., p. 242; 38 Ark., pp. 171–2.*

A foreclosure of a guaranty by a previous suit, without sale and satisfaction, would not preclude a suit for foreclosure upon the original mortgage.   *Ford v. Burks, 37 Ark., p. 95.*

A debt may be actually released, while the security remains with, and may be enforced by the creditor.   *Oliphint . v. Eckerly, 36 Ark., 72.*

Nothing but a full payment of the debt can satisfy the mortgage.   *2 Jones on Mortgages. secs. 936–7 to 945.*

In this case what does the mortgage propose to secure? The note and interest.   The interest, which is not usurious under the Constitution of 1868, is part of the debt.   Then, how can the payment of the debt, with ten per cent. inter-est, satisfy the mortgage?   A mortgage may be foreclosed for interest alone.   *29 Ark., 346.*

Then if the appellant had brought a regular suit, and obtained a judgment, which bore only ten per cent. interest, it could not discharge the mortgage.   It would only be a partial judgment or change of security, and its payment would only be a partial payment, and satisfaction *pro tanto*—a judgment or additional security does not release another security.   *Brumojin v. Chew, 19 N. J. Equity, 130; Perkins v. Pitts, 11 Mass., 125.*

Then what was the effect of authentication and presentation in this case?   Just what was intended, to enable the executor to pay what he could out of the estate, and have the mortgage security for the balance.   It is clear in this case that the appellant was not bound to authenticate his claim against the estate, but might proceed to foreclose the land without the affidavit of non-payment required by the statute.   (*28 Ark., 512; 32 Ark., 409 and 445.*)   Nor does the fact that the claim was probated against the estate

affect this proceeding, unless the debt was fully paid. *32 Ark., 300; 29 Ark., 441.*

Here the mortgage was inadvertently satisfied upon the record, because it was thought to be paid. This is not controverted, and the facts of the case and the evidence taken clearly proves it. *1 Jones on Mortgages, sec. 876.*

And, in conclusion, we again submit that there was no judgment, no probate, and that a probate of the claim was a right and did not affect the mortgage; that if the debt was paid out of the estate, all right; if part paid, so far so good, but that a simple authenticating of the claim and presentation to the executor, could *never*, under any circumstances, affect the rate of interest or make the debt less.

*J. W. House* for appellees.

The matters have been adjudicated by a court of competent jurisdiction, and no appeal having been taken, appellant is concluded.

As the note in question was treated by him and the executor as an ordinary claim against the estate, the general administration law should govern.

It was the duty of appellant, after exhibiting his claim to the executor and having same allowed, to file it in the probate court for classification. (*Gantt's Digest, sec. 111.*) As the executor had made one payment on it and proposed to make more, it should have been reported and filed in the probate court for classification, etc. (*Ib., sec. 98*), it being a lien on real estate. *Ib., sec. 118.*

But the probate court was ignorant of this claim, until the exceptions were filed. It was the duty of the executor to report it, that it might be put into judgment, and thus stop the exorbitant rate of interest.

It is charged in the bill and reasserted in the answer, that appellant, although he made the affidavit and presented his claim to the executor, yet he did not intend to

permit it to be reported by the executor or classed by the probate court. The executor consenting to this, made it a fraudulent and collusive agreement, in connection with the other circumstances of the transaction. The allowance of the claim by the probate court would have cut down this exorbitant interest to ten per cent., for the allowance of a claim is a judgment. *5 Ark., 305–7; 12 Ib., 95; 32 Ib., 154 and 573.*

Having elected to have the claim paid out of the general assets, the appellant and the executor should have proceeded under the statute. *22 Ark., 538; 16 Ib., 144.*

It was the duty of the executor to pay this claim in full, *at once*, because it was to the interest of the estate to do so, and it was solvent. Herein he violated his trust. Appellant was the brother of the executor, and they acted in concert to the great detriment and injury of the estate, and all the circumstances show collusion, if not fraud. It was a flagrant injustice to allow appellant to refund the payments, and bring a new suit.

SMITH, J. In February, 1874, Alexander Stevenson made his note to Rogers, bearing interest at the rate of two per cent. a month, from date until paid, and secured the same by a deed of trust upon real estate. Stevenson died in 1875, and his executor paid the debt out of the general assets of the estate, the payment having been completed in 1880. The claim had never been presented to, or allowed by the probate court; but the creditor had made affidavit to its justice and non-payment; and this, it was supposed, authorized the executor to pay, as the estate was known to be solvent. When the executor in his final account claimed credit for these payments, exceptions were sustained to the payment of more than ten per cent. interest after April 27, 1876, the time when, in the opinion of

the court, said claim should have been presented to the probate court for allowance and classification. Thereupon Rogers refunded to the executor the amount of the supposed over-payment—$441—and filed his bill, alleging that this amount remained due and unpaid by the terms of the note, and praying foreclosure of the deed of trust. The defendants—the widow and heirs of Stevenson—pleaded payment and collusion between the plaintiff and the executor, they being brothers, whereby the debt was purposely not reduced to judgment, with a view to continue the exorbitant interest. At the hearing the bill was dismissed.

There being no proof of collusion, it only remains to consider whether anything has occurred, which in legal contemplation reduced the high rate of interest stipulated for in the contract, and which it was then lawful to take.

If the creditor had chosen to prove his debt against the estate, he would have recovered judgment for the principal and interest according to the tenor and effect of the instrument, computed down to the day of rendition. But such judgment would thereafter have carried only ten per cent. per annum. *Badgett v. Jordan, 32 Ark., 154; Miller v. Kempner, Ib., 573; Harbison v. Vaughan, ante, 539.*

Whether in that case the creditor could have been compelled to accept payment of his judgment in full satisfaction of his mortgage, it is useless to speculate. For Rogers being under no necessity to resort to the probate court for satisfaction of his demand, never did submit his rights to that tribunal. He relied upon his mortgage security.

The claim never having been proved against the estate, the executor properly had nothing to do with it. The probate court might, indeed, upon the application of any person interested in the estate, have ordered him to relieve the property from the incumbrance, if funds were in his hands available for that purpose. *Gantt's Digest, sec. 183.*

And it might well have sanctioned the payments made by him as beneficial to the estate, and not injurious to the creditors. But it refused to allow credit for the full sum that was required to redeem, and to that extent repudiated the act of the executor. This leaves the mortgagee free to foreclose for any balance that may be legally due.

The decree of the White Circuit Court is reversed, and a decree of foreclosure will be entered here for $441, with interest at two per cent. a month from the twelfth day of November, 1880, until the date of the rendition hereof, and henceforward until paid at ten per cent. per annum. And the cause is remanded for execution.