STEPHENS *v.* BERNAYS.

*(District Court, E. D. Missouri, E. D.* February 24, 1890.)

1. FEDERAL COURTS—JURISDICTION—RECEIVERS OF NATIONAL BANKS.
   Under Rev. St. U. S. § 563, subd. 4, which gives the district courts jurisdiction of "all suits at common law brought by the United States, or by any officer thereof, authorized by law to sue," the district court has jurisdiction of an action to enforce the liability of a stockholder in an insolvent national bank, brought by the receiver appointed for the bank by the comptroller of the currency.

2. SAME.
   Such jurisdiction is not taken away by Act U. S. July 12, 1882, § 4, and Act U. S. Aug. 13, 1888, § 4, which take away the special jurisdiction of the district courts over suits in which a national bank is a party.

3. SAME—EXECUTORS AND ADMINISTRATORS.
   Under Rev. St. Mo. 1889, § 190, which provides that demands against the estates of deceased persons may be established by judgment of some court of record in the ordinary way, and by exhibiting a copy of such judgment to the probate court, the federal courts in Missouri have jurisdiction of suits to establish such demands.

At Law.

Action by Lon V. Stephens, receiver of the Fifth National Bank of St. Louis, against Thekla M. Bernays, executrix of George J. Bernays, deceased. Act U. S. July 12, 1882, § 4, provides that "the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall be the same as * * * the jurisdiction for suits by or against banks not organized under any law of the United States." Act U. S. Aug. 13, 1888, § 4, provides that "all national banking associations * * * shall, for the purposes of all actions by or against them, * * * be deemed citizens of the states in which they are respectively located, and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state."

*George D. Reynolds,* U. S. Dist. Atty., for plaintiff.
*H. A. Loevy,* for defendant.

THAYER, J. This is an action by the receiver of a national bank, duly appointed by an order of the comptroller of the currency pursuant to the national banking laws of the United States, and the suit is brought to enforce a liability on 35 shares of stock in the insolvent bank, which the testator owned at the time the bank became insolvent. A plea to the jurisdiction of the court has been filed by defendant's counsel. It has several times been held, after mature consideration, that a receiver appointed by the comptroller of the currency to wind up the affairs of an insolvent national bank is an officer of the United States, and that a suit of this character, brought by such receiver to enforce the liability of a stockholder in a national bank, is a suit at common law, and hence that the United States district courts have jurisdiction of such suits, by virtue of subdivision 4 of section 563, Rev. St. U. S., which gives the district courts jurisdiction of "all suits at common law brought by the

United States, or by any officer thereof authorized by law to sue." It is unnecessary to do more than call attention to the decisions in which the subject has been fully considered. *Frelinghuysen* v. *Baldwin*, 12 Fed. Rep. 395; *Price* v. *Abbott*, 17 Fed. Rep. 506; *Armstrong* v. *Ettlesohn*, 36 Fed. Rep. 209; *Platt* v. *Beach*, 2 Ben. 303; *Stanton* v. *Wilkeson*, 8 Ben. 357. See, also, *Kennedy* v. *Gibson*, 8 Wall. 498; *Bank* v. *Kennedy*, 17 Wall. 19.

The jurisdiction of this court, under the section of the Revised Statutes above referred to, is clearly not affected either by the proviso contained in the fourth section of the act of July 12, 1882, (22 U. S. St. at Large, 163,) or by the fourth section of the act of August 13, 1888, (25 U. S. St. at Large, 436.) The acts last referred to operate as an amendment of subdivision 15, § 563, Rev. St. U. S.; but the jurisdiction of the district court over this suit is conferred by the fourth clause of section 563, and that clause seems to be left **undisturbed** by the two acts of congress last referred to.

2. It is also claimed, as I understand, that the demand in question, being against the estate of a deceased person, can only be enforced in the probate court of the state, which has jurisdiction over the estate. A conclusive answer to this objection is, that section 190 of the Revised Statutes of the state of Missouri of 1889, expressly provides that demands against the estates of deceased persons may be established by judgment or decree of some court of record in the ordinary way, and by exhibiting a copy of the judgment so obtained to the probate court. If a judgment is had in this court on the demand sued for, it is true that no execution can be awarded, but the judgment must be certified to the probate court for classification, in the mode provided by the statutes of the state. As the courts of common law of the state have full jurisdiction of suits to establish demands against the estates of deceased persons, no reason is perceived why a demand of the same character may not be established in the federal court, and certified for classification in the mode pursued in the state courts. The plea to the jurisdiction is overruled.