. J. H. ANDREWS v. NELSON MORSE *et al.*

1. MORTGAGOR, *Death of*—*Foreclosure of Mortgage.* The failure of a mortgagee to exhibit his mortgage debt as a demand against the estate of a deceased mortgagor within three years after letters of administration have been granted will not preclude him from fore closing his mortgage lien, and subjecting the mortgaged property to the payment of the debt.

2. CLAIM — *Presentation.* If he relies on the general assets in the hands of the administrator for payment of his debt, or any part of it, he must present the same in the manner required by § 80 of the act relating to executors and administrators; and failing to do this, he is limited to the proceeds arising from the sale of the mortgaged property.

*Error from Labette District Court.*

ACTION by *Andrews* against *Morse* and others to foreclose a mortgage. Judgment for defendants; plaintiff brings error. The opinion, filed March 11, 1893, states the facts.

*Leroy Neale & Son,* for plaintiff in error:

The mortgagee may elect either to present his note and have the same allowed against the estate, and have it paid out of the personal assets of the estate, or he may entirely ignore the probate court, and at any time within the general statute of limitations, under the code, proceed against the land described in the mortgage and sell the same, and apply the money realized from the sale thereof to the extinguishment of his mortgage lien. If he fails to present his note within the three years provided by § 81 of the act on executors and administrators, then he loses any rights he might have against the proceeds of the personal property sales in the hands of the administrator, and can only look to his security. See *Crooker v. Pearson,* 41 Kas. 410; *Johnson v. Cain,* 15 id. 537; *Graham v. Graham,* 38 id. 440. See, also, *Allen v. Moer,* 16 Iowa, 307; 4 id. 151; 22 id. 299, and cases cited; 12 Tex. 27; 1 id. 639; 42 Cal. 493; 52 id. 568; 47 Am. Dec. 697, same case, 19 Vt. 463; 42 Am. Dec. 478, same case, 17 Vt. 54; *Fallon v. Butler,* 21 Cal. 24; *Estate of McCausland,* 52 id. 576; *Estate of Swain,* 67 id. 641, same case, 8 Pac. Rep. 497; *Stuttmeister v. Superior Court,* 72 Cal. 489, same case, 14 Pac. Rep. 35; *Booth v. Pendola,* 23 Pac. Rep. (Cal.) 200; *Toulouse v. Burkett,* 10 Pac. Rep. (Idaho) 26; Wilts. Mortg. Forecl. 73.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by J. H. Andrews to recover upon a promissory note for $300, and to foreclose a mortgage executed to secure the same by John E. Morse and his wife on January 16, 1882. The note was payable five years after date, with interest at 8 per cent. per annum, and the interest had been paid thereon up to April 1, 1888. John

E. Morse died in December, 1885, and his wife died the following August. Letters of administration were granted upon the estates of each more than three years before the commencement of the action to foreclose. The children and heirs of the decedents resisted the action of foreclosure, mainly upon the ground that the estates of the Morses had been in course of administration more than three years before the beginning of the action, and that Andrews had never presented or exhibited his claim against the estates, and therefore, within the provisions of § 81 of the act on executors and administrators, it was forever barred.

Will the failure of the plaintiff to present his mortgage debt as a demand against the estate of the deceased mortgagor within three years prevent the enforcement of his mortgage lien in the district court? It is conceded that no part of the principal debt has been paid, and no ground of invalidity is asserted against the mortgage, nor is any objection made to the enforcement of the lien, except that the debt was not presented to the administrator as a demand against the estate of the deceased mortgagor. This objection is not good. The death of the mortgagor did not impair or affect the lien of the mortgage. It did not place the mortgagee who had a lien in the same position as an unsecured creditor, and remit him to the general assets of the estate to satisfy his lien. If he looks to the personal assets in the hands of the administrator for payment of his debt or any part of it, he must then present his demand under the statute. If he fails to present it within the three-year period, he can obtain nothing from the general assets, and is limited to the proceeds arising from the sale of the mortgaged property. An equitable claim like the plaintiff's is enforceable in the district court, and is not such a demand as the statute referred to contemplates. Neither the presentation of the claim in the probate court nor the failure to present it precludes the foreclosure of the mortgage lien until the mortgage debt has been paid or extinguished. (*Johnson v. Cain,* 15 Kas. 537; *Graham v. Graham,* 38 id. 440; *Crooker v. Pearson,* 41 id. 410.)

A like limitation was before the supreme court of Iowa, and it held that the limitation of the statute applied only to claims the satisfaction of which is primarily sought out of the personal assets of the decedent, and not upon claims secured by a mortgage upon which the creditor relies for satisfaction.    It was decided that the fact that the creditor did not file his claim against the estate within the 'time prescribed by the statute was not a sufficient defense to an action to foreclose a mortgage executed to secure such claim.    (*Allen v. Moer*, 16 Iowa, 307.)    There is some diversity of opinion in the different states as to what claims are barred by the failure to present them as demands against the estate, but it is generally held that claims purely equitable in their nature require no presentation or approval.    It has been said that "it would appear to be the better opinion that a creditor may rely upon a mortgage or other specific lien, although the claim secured by it has not been presented; but in such case he has no claim upon the general assets in the hands of the administrator." (5 Am. & Eng. Encyc. of Law, 213.    See, also, *Simms v. Richardson*, 32 Ark. 297; *McClure v. Owens*, 32 id. 443; *Moores v. Ellsworth*, 22 Iowa, 299; *Grafton Bank v. Doe*, 19 Vt. 463; *Scammon v. Ward*, 23 Pac. Rep. [Wash.] 439; *Teel v. Winston*, 29 id. [Ore.] 142; *McCallam v. Pleasants*, 67 Ind. 542; Woerner, Adm'n, § 409; Wilts. Mortg. Forecl. 73.)

The failure of the plaintiff to present his claim secured by mortgage until after the lapse of three years will prevent him from obtaining a judgment for any deficiency that may remain after exhausting the mortgaged property, but it does not affect his rights to foreclose his mortgage, and to subject the land so mortgaged to the payment of the debt.

The action of the court in refusing to foreclose the mortgage was erroneous, and its judgment must therefore be reversed.

All the Justices concurring.