## EDWARDS v. HILL et al.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

### No. 330.

FEDERAL COURTS—JURISDICTION—CITIZENSHIP—FORECLOSURE OF MORTGAGES.

A citizen of another state may sue in a federal court to foreclose a mortgage, unaffected by the fact that the mortgagor has made a statutory general assignment for benefit of creditors, and without obtaining permission of the court having jurisdiction over the assigned estate.

Appeal from the Circuit Court of the United States for the District of Kansas.

In Equity. Suit by Hiram G. Hill and others, executors of Hiram Hill, deceased, against James G. Sands and wife, and others, to foreclose a mortgage made by defendants Sands and wife to said Hiram Hill. Decree for complainants. Defendant Charles L. Edwards, the assignee for benefit of creditors of the mortgagor, Sands, appeals therefrom. Affirmed.

Statement by CALDWELL, Circuit Judge:

On the 1st day of July, 1887, James G. Sands and Susie E. Sands, his wife, executed and delivered to Hiram Hill, then and thereafter, until his death, a citizen of the state of Massachusetts, their promissory note for the sum of $2,500, and, to secure the payment thereof, on the same day executed and delivered to Hill a mortgage on certain real estate in the city of Lawrence, Kan. The mortgage was filed for record on the 14th day of July, 1887. Hiram Hill died at his home in Massachusetts, and the appellees, all of whom are citizens of that state, were duly appointed his executors by the probate court of Hampshire county. Default was made in the payment of the mortgage debt, and on the 5th day of April, 1892, this bill was filed to foreclose the mortgage. Sands and wife, the assignee of the estate of Sands, and others, were made defendants. The bill was taken pro confesso as to all the defendants except the appellant, Charles L. Edwards, as assignee of the estate of James G. Sands. The answer of the defendant Edwards alleges, in substance, that on the 14th day of May, 1889, James G. Sands executed a deed of assignment of all his property, real and personal, in trust for the benefit of all his creditors, to Richard S. Horton, as temporary assignee, and afterwards the creditors met and elected the defendant Edwards as permanent assignee; that the assignment was made in accordance with the laws of Kansas; that the district court of Douglas county, Kan., the court having jurisdiction of the estates assigned in that county, in trust for the benefit of creditors, had taken jurisdiction of the trust, and caused the same to be

docketed under the style of "The Estate of J. G. Sands;" that the assignee was administering the trust in accordance with the law of the state; and that the district court of the state, having jurisdiction of the estate, had not given its consent to the bringing of this suit.

D. S. Alford, (O. S. Thatcher, on the brief,) for appellant.

W. H. Rossington, Chas. Blood Smith, and Clifford Histed, for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The contention of the appellant is that the appellees should have brought their suit to foreclose the mortgage in the state court having jurisdiction of the assigned estate of the mortgagor, or that, at the least, they should have obtained from that court leave to sue in the federal court. Stated in another form, the contention of the appellant is that when a debtor living in Kansas, who has previously mortgaged his real estate in that state to a citizen of another state, makes a voluntary assignment of his estate for the benefit of his creditors, the mortgagee, though a citizen of another state, must bring his action to foreclose his mortgage in the state court having jurisdiction over the assigned estate, or must obtain the leave of that court to file his bill in the federal court.

Assuming, but not deciding, that a citizen of the state could not maintain a bill to foreclose a mortgage in any other court than that having the administration of the assignment, even though the lands lay in another county, or that no such bill could be maintained at all, in any court, by a citizen of the state, that fact would not affect the jurisdiction of the circuit court of the United States in a suit brought by a citizen of another state to foreclose a mortgage.

In Payne v. Hook, 7 Wall. 425, the supreme court said:

"The theory of the position is this: That a federal court of chancery, sitting in Missouri, will not enforce demands against an administrator or executor, if the court of the state having general chancery powers could not enforce similar demands. In other words, as the complainant, were she a citizen of Missouri, could obtain a redress of her grievances only through the local court of probate, she has no better or different rights because she happens to be a citizen of Virginia. If this position could be maintained, an important part of the jurisdiction conferred on the federal courts by the constitution and laws of congress would be abrogated. As the citizen of one state has the constitutional right to sue a citizen of another state in the courts of the United States, instead of resorting to a state tribunal, of what value would that right be if the court in which the suit is instituted could not proceed to judgment, and afford a suitable measure of redress? The right would be worth nothing to the party entitled to its enjoyment, as it could not produce any beneficial results. But this objection to the jurisdiction of the federal tribunals has been heretofore presented to this court, and overruled."

This has been the doctrine of that court for more than half a century. In the case of Suydam v. Broadnax, 14 Pet. 67, (decided in 1840,) the court declared that a statute of a state barring all actions at law against the executors and administrators of estates

judicially declared insolvent cannot be pleaded as a bar to an action by a citizen of another state in a circuit court of the United States. The doctrine laid down in case of Suydam v. Broadnax was reaffirmed in 1855, in the case of Bank v. Jolly, 18 How. 503, in this language:

"The law of a state limiting the remedies of its citizens in its own courts cannot be applied to prevent the citizens of other states from suing in the courts of the United States in that state for the recovery of any property or money there to which they may be legally or equitably entitled. This principle was fully discussed and decided by this court in the case of Suydam v. Broadnax, 14 Pet. 67. We refer to the reasoning in support of it given in that case, without repeating it, or thinking it necessary to add anything on this occasion. It concludes this case."

These cases were cited approvingly, and their doctrine reasserted, in Hyde v. Stone, 20 How. 170, where the court said:

"But this court has repeatedly decided that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. In many cases, state laws form a rule of decision for the courts of the United States, and the forms of proceeding in these courts have been assimilated to those of the states, either by legislative enactment or by their own rules. But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction."

The doctrine of all these cases was again approved in Railway Co. v. Whitton, 13 Wall. 270, 286, and in the very late case of Chicot Co. v. Sherwood, 148 U. S. 529, 13 Sup. Ct. 695. The last case cited arose upon this state of facts: On the 27th of February, 1879, the legislature of Arkansas passed an act repealing all laws authorizing counties in that state to be sued, requiring all demands against them to be presented to the county courts of the several counties for allowance or rejection, and allowing appeals to be prosecuted from the decisions of those courts. Notwithstanding this act, a citizen of New York brought suit in the circuit court of the United States in Arkansas against a county on bonds and coupons issued by the county. The objection was made to that suit, as it is to this, that, by the law of the state, the county court of the county had exclusive jurisdiction to hear and determine all claims against the county, and that the circuit court of the United States could not take jurisdiction of the case. The supreme court, speaking by Mr. Justice Jackson, said: "The jurisdiction of the federal courts is not to be defeated by such state legislation as this;" and, in support of its judgment, quoted from and cited the line of cases we have referred to. See, to the same effect, Hunt v. Danforth, 2 Curt. 592, 604, Fed. Cas. No. 6,887; Phelps v. O'Brien Co., 2 Dill. 518, Fed. Cas. No. 11,078.

We are not cited to any provision of the Kansas statute which purports to deny to the holder of a mortgage on real estate the right to bring suit for its foreclosure in any court of competent jurisdiction; but, if the state denied such right to its own citizens, the

denial would not affect the right of a citizen of another state to bring a bill to foreclose his mortgage in the circuit court of the United States. The assignee under the deed of assignment is not a receiver of any court. He is not appointed by the court, but, in the first instance, selected by the debtor, and, later, elected by the creditors. If the statute of the state required all claims against the debtor to be submitted to his assignee for determination, or to the court exercising jurisdiction over the assignment, the requirement, as we have seen, would be ineffectual as against citizens of other states.

A citizen of another state may establish his debt in the courts of the United States against the representative of a decedent, notwithstanding the local laws relative to the administration and settlement of estates place them within the exclusive jurisdiction of the state courts. Green's Adm'x v. Creighton, 23 How. 90, 107; Yonley v. Lavender, 21 Wall. 276; Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327; Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377; Byers v. McAuley, 149 U. S. 608, 620, 13 Sup. Ct. 906; Stephens v. Bernays, 44 Fed. 642, 41 Fed. 401. But the debt, when established in the federal court, must be classified, and take its share of the estate, according to the laws of the state, as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. Id. And in this respect there is no difference between the administration and the insolvent laws of a state. Yonley v. Lavender, 21 Wall. 282. But where a decedent, in his lifetime, or an insolvent, before he makes an assignment for the benefit of his creditors, mortgages his real estate to secure the payment of a debt, the mortgagee thereby acquires a specific lien, in Kansas, by contract, upon the mortgaged property, and the right to have it applied to the payment of his debt; and this lien is not affected, or the mortgagee's rights in any way impaired, by the death or insolvency of the mortgagor. Dead or alive, solvent or insolvent, the obligation of the mortgagor's contract remains the same. All that remains to his representative, whether he be an administrator or an assignee for the benefit of creditors, is the equity of redemption. Any court of competent jurisdiction may entertain a bill to foreclose such a mortgage, and decree the sale of the property, and sell it; and the sale, if the proper parties are before the court, will pass the title. The administrator, in the one case, and the assignee, in the other, take the estate subject to the mortgage lien, and to the right of the mortgagee, by proper proceedings in a court of equity, to have the mortgaged property appropriated to the payment of his debt. This right cannot be taken from him without impairing the obligation of his contract. Our attention has not been called to any provision of the Kansas statute which seeks to do this. The obligation of the contract is protected by the constitution of the United States, and the citizen of another state has a constitutional right to enforce the performance of that obligation in the courts of the United States. It is everyday practice to foreclose mortgages executed by decedents in their lifetime, or by insolvents before they made an assignment, in the

federal courts, when the citizenship of the parties is such as to confer the jurisdiction; and this practice obtains in the state courts as well.

By the statutes of Arkansas, the probate court is invested with exclusive jurisdiction over the estates of decedents; but the supreme court of that state has uniformly held that, where a debt is secured by a mortgage executed by the deceased in his lifetime, the mortgagee is under no necessity to swear to the debt, or present it to the executor or administrator for allowance or payment, as is required in the case of unsecured debts, but that he can rely solely on his mortgage, and that, when his claim is not sworn to and presented by him, the executor or administrator has nothing to do with it, unless the probate court orders him to redeem the property mortgaged with the assets in his hands, which it may do if it deems it to the best interests of the estate. Hewitt v. Cox, 55 Ark. 225, 15 S. W. 1026, and 17 S. W. 873; Simms v. Richardson, 32 Ark. 297; Richardson v. Hickman, Id. 406; McClure v. Owens, Id. 443; Hall v. Denckla, 28 Ark. 507; Rogers v. Stevenson, 42 Ark. 555.

By the common law, the powers of executors and administrators did not extend beyond the territorial jurisdiction of the government under whose laws they were appointed, and they could not bring suits in any other jurisdiction; but, by a statute of Kansas, (paragraph 2989, Gen. St. 1889,) an executor or administrator appointed in any other state or country may sue or be sued in any court in that state. A similar provision is found in the statutes of other states. Mansf. Dig. Ark. § 4937.

The decree of the circuit court is affirmed.