60 441
63 128

JOHN McLANE, *as Administrator of the estate of C. S. Averill, deceased,* v. SAMUEL T. ALLISON *et al.*

No. 11152.

LIMITATION OF ACTION—*Note and Mortgage—Payments of Interest by Subsequent Owners of Land.* When land is conveyed by a deed which recites the existence of a mortgage as an encumbrance upon the premises, but the conveyance is not expressed to be subject to the mortgage, and the principal of the mortgage debt is never paid, but the grantee in the conveyance keeps up the interest on the debt until the statute of limitations bars the recovery of a personal judgment against the maker of the mortgage note, and then conveys the land to another by a deed similar to the one first mentioned, the grantee in which makes another payment of interest on the mortgage debt, *held*, that the making of the interest payments constitutes a binding admission that the land is subject to the mortgage and an engagement for its satisfaction out of the mortgaged premises, and operates to suspend the running of the statute of limitations against an action for the foreclosure of the mortgage lien.

Error from the court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed April 8, 1899. Reversed.

*Garver & Larimer,* for plaintiff in error.

*F. L. Williams,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action brought by John McLane, as administrator of the estate of C. S. Averill, deceased, against Samuel T. Allison and others, to foreclose a mortgage upon real estate. The district court held that the action was barred by the statute of limitations, and upon proceedings in error to the court of appeals the judgment of the lower court was affirmed. Error has been prosecuted to this court.

Samuel T. Allison was the owner of the real estate in question, and on November 1, 1883, executed a note to C. S. Averill for the sum of $500, payable in five years, with interest payable semiannually. To secure this note the mortgage in suit was executed. On April 7, 1887, Allison conveyed the mortgaged property to Sarah A. Anderson, by a general warranty deed, with a covenant that the premises were free from encumbrances, "except a mortgage of $500." Upon the next day, April 8, 1887, Sarah A. Anderson executed a mortgage for the sum of $1500 to the Phœnix Loan and Building Association, of Clay Center, Kan., payable at certain times and in accordance with certain rules and regulations of the association not necessary to be stated. This mortgage contained a covenant that the premises were free from encumbrances, "except one mortgage of $500." On November 13, 1894, Sarah A. Anderson conveyed the real estate in question to William Docking, as trustee for the Phœnix Loan and Building Association. This conveyance was in the form of a general warranty deed, with a covenant that the premises were free from encumbrances, "except mortgages and taxes."

The note of Allison to Averill, the first mortgagee, matured in 1888, but was not then or thereafter paid. Sarah A. Anderson paid the interest upon it to its maturity, and afterward, and until her conveyance in 1894, kept up the interest upon the mortgage loan. After her conveyance to Docking as trustee for the loan and building association, it paid one instalment of interest. Neither the deed of Allison to Anderson nor the one of Anderson to Docking contained a contract of assumption of the Averill mortgage by the grantee, nor did either of these deeds in express terms convey the land "subject" to the Averill mort-

McLane v. Allison.

gage.  However, as stated, the existence of the mort-
gage was recited in both conveyances.  The action to
foreclose was commenced more than five years after
the maturity of the Averill mortgage, and was there-
fore barred as to Allison's liability upon the mortgage
note, and no contract of assumption of the mortgage
debt having been made by any one no money judgment
whatever was recoverable.  .A judgment of foreclosure,
if anything at all, could alone be had.  The question
is, Can that be had, or was the right of action upon
the mortgages as well as upon the notes barred?

The question is difficult.  Upon one hand it is con-
tended that the right of action to enforce the mortgage
lien is inseparable from the right of action to recover
the debt; that when suit upon the note was barred
suit upon the mortgage was likewise barred.  Upon
the other hand it is contended that the payments of
interest by Sarah A. Anderson and her grantee, Dock-
ing, were a recognition of the continued existence of
the debt as a lien upon the land by virtue of the mort-
gage contract; that actions to foreclose mortgages
may be maintained without the rights or at least with-
out the abilities to recover a money judgment for the
debt. (*Andrews v. Morse*, 51 Kan. 30, 32 Pac. 640.)
To this it is replied that the payments of interest were
not made by any one under legal obligation to pay,
and therefore such payments did not suspend the run-
ning of the statute of limitations. (*Steele v. Souder*, 20
Kan. 42.)   No case involving the precise point has
been cited to us or found by us in our own researches.
Upon principle, however, we are convinced that the
claim of plaintiff in error is sound, and that the dis-
trict court and the court of appeals were in error.   In
the case of *Schmucker v. Sibert*, 18 Kan. 104, 112, after
deciding that the acceptance of a deed which provided

that the grantee should assume the encumbrance on the granted premises constituted a contract in writing by him to discharge such encumbrance, the court further held as to an additional fact involved in the case, as follows :

" Upon the same principle, and by the same reasoning, it would seem to be clear that, where the deed specifies that it is made subject to a certain mortgage, an acceptance of a deed is an undertaking that to the extent at least of the value of the granted premises the grantee shall pay the mortgage. Or, in other words, it is an agreement by the grantee that the granted premises shall be used, so far as necessary, to discharge and pay the mortgage."

Had the conveyances in this case been made "subject to the mortgage," the rule above quoted would be applicable and would be decisive against the defendant in error. However, as before stated, the conveyances were not made subject to the mortgage, but nevertheless, as we think, the payments of interest made by the grantees, Anderson and Docking, were a recognition of the fact that the land was subject to the mortgage, and constituted an engagement upon their part to hold the land subject to the mortgage lien. The existence of the mortgage was recited in both deeds, and also in the mortgage of Anderson to the loan and building association, Docking's *cestui que trust*, and these instruments were all of record. Docking and the loan and building association were chargeable with knowledge of the fact that Anderson had recognized the land as subject to the mortgage by continuing interest payments upon it after, as well as before, action upon the note which it secured had become barred, and with like knowledge that such action was barred they also recognized the validity of

McLane v. Allison.

the mortgage as a lien upon the land by making an interest payment upon it.

Payments of money made with full knowledge of all the facts are in the nature of estoppels, and bind the persons making them to an admission of the validity of the debt. (*St. L. Ft. S. & W. Rld. Co. v. Tiernan*, 37 Kan. 607, 15 Pac. 544.) Upon principle there can be no difference between a recognition of personal liability for the payment of a debt and a recognition of the existence of a mortgage lien upon land. Though the conveyances in question did not recite that they were made subject to the mortgage, and therefore their acceptance did not constitute engagements to allow satisfaction of the mortgage debt out of the land, the continued payment of interest upon the mortgage. debt constituted a binding admission that the land was subject to the mortgage, and an agreement for its payment up to the value of the mortgaged premises.

We do not believe that the case of the defendant in error derives any strength from the principle of law announced by the court of appeals that "a covenant of warranty in a deed of real estate is not restricted by an exception in a preceding covenant against encumbrances." The meritorious question in the case does not involve the force or strength of opposing covenants, but the effect to be given payments of money upon the mortgage claim.

The judgments of the court of appeals and of the district court are reversed, and, inasmuch as the case was heard upon the pleadings, upon documentary evidence, and upon an agreed statement of facts, the order will be that the district court render judgment thereon in favor of plaintiff in error, the plaintiff in the courts below.