CHESHIRE PROVIDENT INSTITUTION v. ANGLO-AMERICAN LAND
MORTGAGE & AGENCY CO., Limited.

(Circuit Court of Appeals, First Circuit.    August 11, 1904.)

No. 508.

1. CORPORATIONS—DISSOLUTION—EFFECT OF STATUTORY INSOLVENCY PROCEED-
INGS.

Judicial proceedings on petition of the bank commissioners, under Pub.
St. N. H. 1901, c. 162, for winding up a banking corporation, in which an
assignee is appointed in whom the title to all its property vests, do not
operate to dissolve the corporation at once so as to preclude the rendition
of a judgment against it by a federal court.

2. FEDERAL COURTS—ACTION AGAINST CORPORATION—EFFECT OF STATUTORY IN-
SOLVENCY PROCEEDINGS IN STATE COURT.

The vesting of title to the property and assets of a corporation in a
trustee or assignee appointed by a state court in proceedings to wind up
the corporation by virtue of a state statute, and the appointment of a
commissioner to examine and allow claims against it, do not deprive a
foreign creditor of the corporation of the right to sue and obtain judg-
ment against it in a federal court, whatever may be the proper proceed-
ing for its enforcement.

In Error to the Circuit Court of the United States for the District of
New Hampshire.

For opinion below, see 124 Fed. 464.

John M. Mitchell and Mitchell & Foster, for plaintiff in error.

Harry G. Sargent, Sargent, Niles & Morrill, and Omar Powell, for
defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, Dis-
trict Judges.

BROWN, District Judge.    This is a writ of error to review the pro-
ceedings of the Circuit Court in an action by the Anglo-American
Land Mortgage & Agency Company, a British corporation, against the
Cheshire Provident Institution, a banking corporation of the state of
New Hampshire, for the recovery of an assessment upon shares of
stock.    By stipulation the bank admitted the allegations of the writ
and declaration, and predicated its defense upon a special plea setting
forth that, since the commencement of the action,

—"by a decree of the Supreme Court of the State of New Hampshire, upon
petition of the bank commissioners for said state, under the provisions of
chapter 162 of the Public Statutes [1901] of said state, one Alfred T. Batch-
elder was duly appointed and qualified assignee of said defendant; and all
its property and assets were transferred to and vested in, and are now vested
in, said Batchelder in his capacity as such assignee, to be converted into
money and distributed according to further decrees of said court; that there-
afterwards, to wit, at the April term, 1899, of said court for the county of
Cheshire, one Lewis W. Holmes was by said court appointed a commissioner
to examine and allow the claims of creditors and depositors against the de-
fendant, and that said Holmes is still acting under said appointment; that
the decree and appointment aforesaid have dissolved the defendant corpora-
tion," etc.

The stipulation further states:

"Upon this plea the defendant predicates its defense herein. The proof upon which this plea is predicated is hereto attached, marked 'Exhibit A,' and made a part of this stipulation."

Upon an examination of chapter 162, Pub. St. N. H. 1901, §§ 12 to 24, inclusive, in connection with the plea and stipulation, it is clear that the Circuit Court was right in holding that the corporation had not been dissolved.

The decisions of the Supreme Court of New Hampshire cited by the plaintiff in error have no tendency to support the plea of a dissolution of the corporation. The argument that, because the assets of the corporation are in the hands of an assignee, a creditor should not be permitted to pursue to judgment an action against the corporation, is disposed of by the case of Parsons v. Eureka Powder Works, 48 N. H. 66. See, also, Moran v. Sturges, 154 U. S. 256, 274, 275, 14 Sup. Ct. 1019, 38 L. Ed. 981. Furthermore, in chapter 148, Pub. St. N. H. 1901, §§ 18, 19, are provisions similar to those of other states, continuing as a body corporate, for the purpose of prosecuting and defending suits, a corporation whose corporate existence has been terminated in any way, and providing that the repeal or amendment of a charter or laws under which it was established shall not impair a liability previously incurred.

There was no legal obstacle to a judgment of the Circuit Court against the corporation to determine the question of debt or no debt. Chemical Bank v. Hartford Deposit Co., 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595; Hess v. Reynolds, 113 U. S. 73, 77, 5 Sup. Ct. 377, 28 L. Ed. 927; Clark v. Bever, 139 U. S. 103, 11 Sup. Ct. 468, 35 L. Ed. 88; Byers v. McAuley, 149 U. S. 620, 13 Sup. Ct. 906, 37 L. Ed. 867; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Kittredge v. Race, 92 U. S. 116, 121, 23 L. Ed. 488; Edwards v. Hill, 59 Fed. 723, 8 C. C. A. 233; Walker v. Brown, 63 Fed 204, 11 C. C. A. 135.

The Circuit Court properly held that upon the case presented it was not required to determine whether or not execution can issue, or whether the judgment can be enforced against the corporation in any way except by listing it, as a debt proved, before the commissioner. Upon entering judgment the court expressly reserved the question of the plaintiff's right to execution, and ordered that no execution issue until further order.

The principal question, therefore, is whether the defendant in error, as a plaintiff suing in a United States court for the establishment of a legal right, has been deprived of the right to proceed to judgment by the action of the state court, and has been compelled to resort to the state tribunal, not merely for a share of assets, but for an adjudication of rights as well. Two reasons are urged to support the proposition that the Circuit Court had no power to proceed to judgment: First, that the state court had drawn to itself the control of the assets of the bank; second, that the defendant in error, in contracting with the bank, impliedly agreed to submit to the jurisdiction of the state courts in case of liquidation of the affairs of the bank, under chapter 162.

The first reason is clearly insufficient, since the questions of the right to a judgment against the corporation, and of the right to share in particular assets, in process of distribution by the state court, are distinct.

The contention that there was an implied contract to submit to the jurisdiction of the state court does not impress us. If Pub. St. N. H. 1901, c. 162, §§ 12 to 19, inclusive, are to be read into the contract for the purchase of shares in a British corporation, and are to be binding upon the defendant in error, they certainly cannot affect the right to sue until they are properly invoked.

The plea sets up no decree of the state court requiring creditors to prove claims against the bank, and in default to be precluded from all benefit of the assets; and the contention that the state court has acted under the provisions of section 19 is based upon Exhibit A, which, by stipulation, was expressly confined in its effect to proof of the facts pleaded. But passing for the moment this objection, and considering the entire Exhibit A, we encounter grave doubts as to whether summary and ex parte proceedings of the character there shown are in conformity to the state statutes. The original petition by the bank commissioners did not conform to section 12. No facts were set forth therein, nor did it set forth the judgment of the commissioners that it was necessary for the public safety that the bank should not continue to transact business. It contained no statement that the bank was insolvent. Under the statutes an assignee might be applied for on grounds other than insolvency, and in aid of proceedings under section 12 or section 14. Whether the proceedings shown in Exhibit A are of any validity is a matter of grave doubt, and we are not at liberty to disregard the fact that they are not sufficiently pleaded.

That there is no sufficient basis of fact to support the argument that there was an implied contract renders it unnecessary to consider the soundness, in point of law, of the proposition that from a sale of shares to the bank arose an implied agreement by the Anglo-American Company to forego the right to sue in a federal court under the laws of the United States. Even were the entire record of the state court properly before us, the argument based thereon would still present many legal difficulties. Doyle v. Continental Insurance Company, 94 U. S. 535, 24 L. Ed. 148; Southern Pacific Company v. Denton, 146 U. S. 202, 207, 13 Sup. Ct. 44, 36 L. Ed. 377; Moran v. Sturges, 154 U. S. 256, 269, 14 Sup. Ct. 1019, 38 L. Ed. 981; Central National Bank v. Stevens, 169 U. S. 432, 463, 18 Sup. Ct. 403, 42 L. Ed. 807. But, as we have said, this is outside the true issues in the case, and calls for no further consideration. The opinion of the Circuit Court correctly and adequately deals with the case, and we agree with its reasoning and conclusion.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.