[S. F. No. 2323. Department Two.—January 19, 1903.]

A. W. FOSTER, Surviving Trustee, etc., Appellant, v. JESSE BOWLES et al., Defendants; J. CHURCHILL et al., Trustees, etc., Respondents.

MORTGAGE—SUBSEQUENT DEED OF TRUST—STATUTE OF LIMITATIONS— WRITTEN ACKNOWLEDGMENT BY TRUSTEES.—The trustees under a deed of trust from a grantee whose title was subject to a prior mortgage, which was in full force and unaffected by the statute of limitations, when they clearly recognized and acknowledged the existence of the prior mortgage, both in the trust deed, which they accepted, and in a written agreement executed shortly afterward, in which they made provision for payment of interest thereon out of the income of the premises, thereby established a new date for the statute of limitations to commence running as to the mortgage.

ID.—PROMISE TO PAY DEBT NOT ESSENTIAL—ACKNOWLEDGMENT OF MORTGAGE.—It was not necessary that the trustees should promise to pay the indebtedness secured by the mortgage in order to establish a new date under the statute. All that was required was a

plain and distinct acknowledgment in writing of the existence of the mortgage; and any acknowledgment of the mortgage was an acknowledgment of the indebtedness secured thereby.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts are stated in the opinion.

Platt & Bayne, and Van R. Paterson, for Appellant.

The statute of limitations was not available to the trustees, defendants, since their written acknowledgment of the existence of the plaintiff's mortgage was made within less than four years before the commencement of the action. (*Chaffee* v. *Browne,* 109 Cal. 218; *Alvord* v. *Spring Valley Water Works,* 106 Cal. 552-563; *Southern Pacific Co.* v. *Parsons,* 122 Cal. 413, 416; *Daniels* v. *Johnson,* 129 Cal. 415, 417; [1] *Hawk* v. *Barton,* 130 Cal. 654.)

James F. Farraher, for Rohrer Trustees et al., Respondents.

The mortgage was barred as to the trustees. There was no promise express or implied to pay the debt. (*Shepherd* v. *Thompson,* 122 U. S. 237; *Biddel* v. *Brizzolara,* 56 Cal. 381; *McCormick* v. *Brown,* 36 Cal. 180; [2] *Farrel* v. *Palmer,* 36 Cal. 187; *Curtis* v. *Sacramento,* 70 Cal. 414.) Statutes of limitation are favored in law. (*Shain* v. *Sresovich,* 104 Cal. 402.)

T. C. Judkins, for A. T. Hatch, Respondent.

Craig & Craig, for Frank Dalton, Assignee, Respondent.

F. A. Berlin, for Sherman, Clay & Co., Respondent.

E. W. McGraw, for George A. Newhall, Respondent.

GRAY, C.—Action on a note for $15,000 and interest, and to foreclose a mortgage given to secure said note upon 242.59 acres of land situated in Livermore Valley, in Alameda County. The plaintiff had judgment against most of the

---

[1] 79 Am. St. Rep. 123.          [2] 95 Am. Dec, 170.

defendants by default. Certain parties defendant, known as the "Rohrer Trustees," answered, and judgment went in their favor to the extent of the interest claimed by them. From this latter judgment the plaintiff appeals.

On December 2, 1887, the defendant Bowles executed the note and mortgage in suit to Alexander Montgomery. The note became due and payable three years after date. Montgomery died before the commencement of this action, and plaintiff, Foster, is the surviving trustee under the last will of Montgomery for the benefit of Annie and Hazel, daughters of the deceased Montgomery. Before the execution of the mortgage, and on March 14, 1887, Bowles, the owner of the mortgaged land, entered into an agreement to sell the same to Hatch, Smith, and Robertson, for $30,000. Thereafter, in August, 1887, and before the execution of the mortgage, Smith, one of the vendees named in said contract, assigned his interest therein to Mrs. Elizabeth J. Rohrer. Thereafter, on September 16, 1891, Bowles, the mortgagor and vendor aforesaid, assigned all his rights under the contract of sale to the said Montgomery as further security for the said indebtedness. On March 11, 1892, Bowles deeded the lands involved to A. T. Hatch, one of the vendees in said contract of sale, and in the following December Hatch deeded an undivided one third thereof to Elizabeth J. Rohrer, and on the same day the latter made a trust deed to Churchill et al., the respondents herein. The trial court concluded that as to these respondents the cause of action on the note and mortgage was barred by the four-year statute of limitations, and the result upon this appeal rests upon the solution of that question. The deed from Bowles to Hatch was made subject to the mortgage, and one of the conditions of said deed was, that the amount of $20,000, then found to be due on said mortgage, together with interest, should be paid by the party thereto of the second part, the said Hatch. In the deed of the one-third interest from Hatch to Rohrer no mention was made of the note and mortgage. But the deed of trust from Rohrer to the respondents contained the following recital: "And whereas there is now existing a mortgage for the sum of about $20,000 against said tract hereinbefore described upon which interest falls due and becomes payable every thirty days, and $5,000 of

the principal, of which said mortgage will fall due and must be paid within two years from January first, 1894." It is conceded that this recital refers to the mortgage in suit.

Soon after the execution of the trust deed by Rohrer to respondents, and on December 30, 1893, said respondents executed a paper, which said paper, after reciting that said Hatch did upon the thirtieth day of December, 1893, at the request of said trustees, convey certain property to said Elizabeth J. Rohrer,—to wit, an undivided one-third interest in and to a certain lot, piece, or parcel of land,—to wit, the land described in and covered by the said mortgage herein sought to be foreclosed,—and did recite further that the said Hatch had theretofore and would thereafter advance certain moneys for the maintenance, management, cultivation, and improvement of said land, and the improvements thereon, and the payment of taxes accrued or thereafter to accrue thereon, and the payment of the interest accrued, *or thereafter to accrue upon the said mortgage,* continued as follows, to wit:—

"Now, therefore, we, the undersigned trustees under that certain agreement of trust dated December 23, 1893, made and executed by Elizabeth J. Rohrer to us, for valuable considerations to us moving, the receipt whereof is hereby acknowledged, do and each of us does, hereby agree and guarantee to the said A. T. Hatch, that he, the said A. T. Hatch, may and shall have the entire income of and from the said undivided one-third interest in said land so conveyed by him to said Elizabeth J. Rohrer, for the purpose of paying all such moneys as have been heretofore, or are to be, or may be hereafter advanced by him, for the use and benefit of said one undivided one-third interest, and until such time as he, the said Hatch, is fully reimbursed and paid for all moneys so expended or advanced by him, or to be advanced or expended by him, with interest thereon at the rate of ten (10) per cent per annum, from the date upon which such expenditures and advancements are paid."

On November 17, 1894, Elizabeth J. Rohrer, Hatch, and several others of the defaulting defendants herein, executed a written instrument to Foster and Goad (Montgomery, the mortgagee, being then dead), whereby, among many other things, they agreed as follows: "And

further, that all rights, titles, interests, and estates of every kind whatever, held, owned, or possessed by the said parties of the second part, or either or any of them, in and to the said mortgaged lands and premises, whether the same were acquired under the said indenture bearing date the fourteenth day of March, A. D. 1887, (hereinabove referred to,) or otherwise, are and henceforth shall be subject to the lien of the said mortgage given as aforesaid to said Montgomery and liable for the payment of the money thereby secured to be paid according to the terms thereof; and further, that said parties of the second part do, and each of them does, hereby acknowledge and declare that the said promissory note and mortgage (hereinabove referred to) are existing obligations, and that the said sum of twenty thousand (20,000) dollars, together with interest thereon at the rate of ten (10) per cent per annum from the twelfth day of October, in the year 1894, until paid, the said interest payable annually and to be compounded,'' etc.

This suit was commenced on December 14, 1896.

On the foregoing statement of facts, which stand uncontroverted, it would seem to be clear that the trial court was wrong in its conclusion and finding that the statute of limitations barred the foreclosure of the mortgage so far as the interests of respondents, the Rohrer trustees, were concerned.

By the terms of the deed from the mortgagor, Bowles, to Hatch the land was to be subject to the mortgage in the hands of the latter. Hatch also became liable for the indebtedness secured by the mortgage. Hatch could convey no better title to Mrs. Rohrer than he had himself, as the deed to him, with all its conditions, was duly recorded. Mrs. Rohrer, then, took her interest in the land subject to the mortgage, and, for like reasons, whatever interest passed by the trust deed from her to the respondents was also subject to the mortgage. It matters not that it was expressly agreed that the trustees should not be liable for the payment of the mortgage indebtedness; that agreement only applied to their personal liability, and could not discharge any interest in the land from the lien of the mortgage; for to have the latter effect it is necessary that the mortgagee or his successors should be a party to the agreement. The note and mortgage were in full force and un-

affected by the statute of limitations when respondents, Churchill et al., otherwise known as the Rohrer trustees, made their written agreement of December 30, 1893, in which they clearly recognized and acknowledged the existence of the mortgage in question, and made provision for payment of interest thereon out of income from the premises. (*Kelly* v. *Leachman* (Idaho), 33 Pac. Rep. 44.) Also, a few days earlier in the same month, the trust deed, to which they were parties, and which they accepted in this agreement of December 30th, by express recital declared, "And, whereas, there is now existing a mortgage for the sum of about twenty thousand dollars against said tract hereinbefore described," and provided for payments on account of this mortgage, and thus expressly acknowledged the existence of the indebtedness as well as of the mortgage. Indeed, any acknowledgment of the mortgage was an acknowledgment of the indebtedness secured thereby.

It was not necessary that respondents should promise to pay the indebtedness in order to establish a new date for the statute to commence running as to the mortgage. All that was required was a plain and distinct acknowledgment in writing of the existence of the mortgage. (*Concannon* v. *Smith*, 134 Cal. 14; *State Loan etc. Co.* v. *Cochran*, 130 Cal. 251; *Chaffee* v. *Browne*, 109 Cal. 218.) As to the respondents, Churchill et al., the plea of the statute of limitations finds no support in the evidence, and the court erred in its finding that it did.

We advise that that part of the judgment appealed from herein be reversed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion that part of the judgment appealed from is reversed.

McFarland, J., Henshaw, J., Lorigan, J.