[S. F. No. 8434. In Bank.—February 25, 1918.]

WILLIAM H. KEMPER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

Workmen's Compensation Act—Statute of Limitations—Power of Commission.—The Industrial Accident Commission has power to determine whether or not it has jurisdiction to hear a controversy after the apparent bar caused by the passage of the period of the statute of limitations.

Id.—Waiver of Statute of Limitations—Estoppel.—Parties to a controversy may agree to forego the statute of limitations for a definite period, and such an agreement may operate as an estoppel to a plea of the statute.

Id.—Extent of Estoppel.—An estoppel in no case extends beyond the act done or omitted in reliance on the conduct or representation of the party sought to be estopped.

Id.—Statute of Limitations—Waiver for Reasonable Time.—Where an insurer, who contended that the time for proving the claim of an injured employee had already elapsed stipulated to waive the statute of limitation provided the claimant should present his claim within a reasonable time from the date of the stipulation, the Industrial Accident Commission had authority to determine what was in fact a reasonable delay for the commencement of the action, and, having determined that question, its finding in that respect cannot be overruled.

PROCEEDING in Certiorari to review a judgment of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Edwin H. Williams, and George J. Hatfield, for Petitioner.

Christopher M. Bradley, and Redman & Alexander, for Respondents.

MELVIN, J.—Petitioner sought a review of a judgment made by respondents, as members of and constituting the Industrial Accident Commission of the state of California, denying to such petitioner any compensation for certain injuries which the commission found he had sustained in the course of his employment on or about the twenty-ninth day of September, 1915. An order to show cause was issued and a hearing was duly had before this court.

On the date mentioned the applicant received an injury to his hand by scratching it upon a piece of strap iron. Infection set in, but in October he returned to his employment and worked from that time until nearly the end of November. In December he was afflicted with what was believed to be metastatic infection, and he quit work until the third day of January, 1916, when he returned to his employment and remained two weeks. Subsequently he went to a hospital and was treated for serious illness for a long time. An application for adjustment of the controversy was not filed until the fifth day of March, 1917, and the Industrial Accident Commission found that under the limitation provided by section 16 of the Compensation Act [Stats. 1915, p. 1085], his cause of action was barred. The commission found that under the facts the applicant would have been entitled to compensation but "inasmuch as he failed to file any application at all until more than six months from the date when disability occurred, this commission is without jurisdiction to extend any relief in the premises."

The petitioner admits that his claim was not filed within the time prescribed by the statute, but insists that the time limit was waived by the defendants below. Respondents contend, however, that conceding everything claimed by petitioner, he did not rely upon any assurances of the defendants after October, 1916, and that therefore he is not entitled to claim estoppel after that date. The applicant

asserts that he relied upon a letter written by Mr. Stockwell of the Aetna Life Insurance Company, his employer's insurance carrier, and also upon the assurances given him by Mr. Nevin, superintendent of Nathan-Dohrmann Company, his employer. It appears virtually without contradiction that Mr. Nevin, at the suggestion of Mr. Kemper, took up with the Insurance Company the matter of a waiver of the statute of limitations and such a letter was written under date of September 21, 1916, and was as follows:

" 'In re W. H. Kemper.

" 'Mr. Muesdorffer has requested us to write you concerning our attitude in regard to pleading the statute of limitations if a claim should be made against us by the above injured before the Industrial Accident Commission. While the time within which the injured has to prove his claim has long since passed we are willing to waive the statute of limitations if the injured presents his claim within a reasonable time from this date.' "

We are of the opinion that undoubtedly the commission has, the power to determine whether or not it has jurisdiction to hear a controversy after the apparent bar caused by the passage of the period of the statute of limitations. It is undoubtedly true that parties to a controversy may enter into an agreement to forego the statute of limitations for a definite period and that such an agreement may operate as an estoppel to a plea of the statute. (*Wells Fargo & Co.* v. *Enright,* 127 Cal. 669, [49 L. R. A. 647, 60 Pac. 439]; *State Loan and Trust Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466].) But, nevertheless, we do not feel constrained to set aside the action of the Industrial Accident Commission for the reason that the uncontradicted testimony shows that after October, 1916, when Mr. Kemper took affirmative action looking to the filing of his claim for compensation, he no longer depended upon the agreement to forego the statute. At that time he telephoned to the officers of the commission advising them of his condition and telling them of his desire to file a claim. A representative of the Industrial Accident Commission was sent to the hospital. A blank application was partially filled. The employee of the commission was requested to complete the preparation of the document and to file it with the commission and Mr. Kemper supposed that he had done so, but,

as a matter of fact, no claim was actually filed until March, 1917.

As is suggested by respondents, the insurance carrier is not responsible for this abortive attempt on Kemper's part to commence his suit. Obviously he did not rely upon the agreement to forego the statute after the day he took matters into his own hands, for he then intended to wait no longer. Estoppel "in no case extends beyond the act done or omitted in reliance on the conduct or representation of the party sought to be estopped." (16 Cyc. 783; Bigelow on Estoppel, 6th ed., 694 et seq.) The person asserting an estoppel must be induced to act or refrain from acting by his opponent's conduct. (*Barnhart* v. *Fulkerth*, 93 Cal. 497, [29 Pac. 50].) Considered in its strongest aspect the waiver of the statute of limitations only extended to a reasonable time from the date thereof. Undoubtedly the commission was clothed with authority to determine what in fact was a reasonable delay for the commencement of the action, and inasmuch as the commissioners have determined this question we are not in a position to overrule their findings. While the language of the commission to the effect that it was without jurisdiction to determine that the waiver nullified the plea of the statute of limitations, is somewhat equivocal and not altogether clear in its meaning, it is probable that as suggested by counsel for respondents, "the person drawing the findings for the commissioners merely meant to convey the idea that as the plea of the statute of limitations had been sustained the commission would not hear the case in chief." But whatever may have been the intent of the commissioners in the use of the word "jurisdiction," the fact remains that they had the right to apply the statute of limitations under the facts as presented, that they did apply it, and that therefore their finding must stand.

Upon this record we may not review the judgment.

The order to show cause is discharged and petitioner's prayer for the issuance of a writ of *certiorari* is denied.

Shaw, J., Victor E. Shaw, J., *pro tem.*, Wilbur, J., Sloss, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.

Rehearing denied.