[L. A. No. 6435. Department Two.—January 26, 1921.]

## EMMA F. CURTIS, Respondent, v. A. D. HOLEE et al., Appellants.

[1] MORTGAGE—EXTENSION OF RUNNING OF STATUTE OF LIMITATIONS—AGREEMENT OF GRANTEE OF MORTGAGOR—PERSONAL ASSUMPTION OF PAYMENT UNNECESSARY.—A grantee of a mortgagor may continue the life of the mortgage beyond the operation of the statute of limitations by entering into an extension agreement in writing with the mortgagee, under section 360 of the Code of Civil Procedure, although he did not personally assume the payment of the mortgage debt, since, in view of the fact that the land is rendered primarily liable for the payment of a mortgage debt, the grantee of land subject to a mortgage, as long as he is the owner of the land, is, to a limited extent, charged with the debt and interested in its payment.

[2] ID.—FORM OF ACKNOWLEDGMENT OF DEBT.—An acknowledgment in writing by a mortgagor's grantee of the existence of the debt with sufficient certainty will suffice to take the debt out of the operation of the statute of limitations, and an actual promise to pay is not necessary.

[3] ID.—ACKNOWLEDGMENT OF MORTGAGE—RECOGNITION OF DEBT.—An acknowledgment of a mortgage is an acknowledgment of the debt secured by the mortgage.

[4] ID.—ACKNOWLEDGMENT OF DEBT—KNOWLEDGE OF MORTGAGE—ACKNOWLEDGMENT OF MORTGAGE.—An acknowledgment of the debt by a mortgagor's grantee, with knowledge on his part of the existence of the mortgage, constitutes an acknowledgment of the mortgage itself and takes the same out of the operation of the statute of limitations, for the mortgage is merely an incident of the debt evidenced by the note.

[5] ID.—EXTENSION AGREEMENT INDORSED ON MORTGAGE NOTE—SUFFI-
CIENCY OF ACKNOWLEDGMENT.—An agreement between mortgagees
and the grantee of a mortgagor extending the time of payment
of a mortgage note written on the back of the note and making ex-
press reference thereto, which note upon its face recited that it was
secured by mortgage, constituted an unqualified acknowledgment of
the mortgage and the debt secured thereby sufficient to arrest the
running of the statute of limitations, although the agreement made
no mention, in so many words, of the mortgage itself.

APPEAL from a judgment of the Superior Court of Los
Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. C. Woods for Appellants.

Joseph H. Call and Asa V. Call for Respondent.

LENNON, J.—The pleaded facts of the plaintiff's case,
briefly stated, are these: The defendant, A. D. Holee, on
June 20, 1912, executed a note, secured by a mortgage on
real property, in favor of one M. M. Arthurs, in the sum
of two thousand five hundred dollars. The mortgage note
by its terms was due and payable "on or before three years
after date," and the interest thereon, at the rate of six per
cent per annum, was to commence running from July 1,
1912. The mortgage was duly recorded in the county re-
corder's office of the county wherein the mortgaged property
was located. The mortgagor, Holee, conveyed the mortgaged
property to one Haymond on or about the first of July, 1915,
when he was still the owner in fee simple, subject to the
mortgage, of the mortgaged property. Haymond made and
entered into an agreement in writing with M. M. Arthurs,
the original and then owner of the said note and mortgage.
This agreement, which was written on the back of said note,
provided that, in consideration of a raise in the rate of
interest, provided for in and by said note, from six to seven
per cent from the date of said agreement, namely, July 1,
1915, the time for the payment of the note was extended to
June 20, 1916. At the time of the execution of said agree-
ment of extension, namely, on July 1, 1915, the sum of $75
was paid on account of interest and five hundred dollars
was paid on account of the principal of said note. Sub-

sequent to the execution of said agreement of extension, on August 16, 1915, the said Haymond conveyed the mortgaged property by grant deed to F. E. Lindblom, which deed, after specifically describing the mortgaged property, expressly stated that it was conveyed "subject to a mortgage to secure a note for two thousand five hundred dollars, . . . in favor of M. M. Arthurs, upon which note there has been paid the sum of five hundred dollars on the principal," and that "the note was extended for one year from July 1, 1915, and the interest rate raised to seven per cent in place of six per cent." This deed from Haymond to the Lindbloms was duly acknowledged and recorded in the county recorder's office wherein the mortgaged property and the property mentioned in the deed is situated. The Lindbloms thereafter conveyed said property by grant deed, also expressly subject to said mortgage and the extension heretofore mentioned, to one Werner. Werner subsequently conveyed said property by grant deed, also subject to said mortgage and extension, to the appealing defendant herein, Ruth Gold. On October 29, 1917, M. M. Arthurs, the original owner of the note and mortgage, sold and assigned the same to this plaintiff and respondent, which assignment was thereafter duly recorded in the county wherein the property is situated.

This action to foreclose the mortgage as extended was instituted and filed August 29, 1919. Pending the hearing and determination of defendant's demurrer to the plaintiff's complaint, the defendant A. D. Holee entered into a stipulation with the plaintiff that her default might be entered and a judgment might be taken by plaintiff against her upon condition that no deficiency judgment should be entered against her.

Answering the plaintiff's complaint, the defendant Ruth Gold admitted the truth of the allegation that Holee, the mortgagor, did, by grant deed, convey the mortgaged property to Haymond, but, while conceding that all the subsequent conveyances of the property were made subject to the mortgage, affirmatively alleged that it did not appear from the grant deed to Haymond that the conveyance to the latter was made subject to the said mortgage. For lack of information and belief, the answer denied that Haymond and Arthurs agreed in writing at any time or at all that the payment of said note and mortgage should be extended

to June 20, 1916. Further answering, the defendant Ruth Gold interposed the defense of the statute of limitations, pleading that the plaintiff's cause of action was barred by the provisions of section 337, subdivision 1, and section 360 of the Code of Civil Procedure, and also by section 2911 of the Civil Code of the state of California. Upon the issues thus framed, a trial was had and judgment rendered for the plaintiff upon findings made in favor of, and in substantial accord with, the allegations of the plaintiff's complaint and against the defense of the statute of limitations. From the judgment of foreclosure and sale the defendant Ruth Gold has appealed.

As previously indicated, the question of the liability of the original mortgagor has been eliminated from the case and the question of the liability of appellant for a deficiency judgment does not arise upon this appeal, for no deficiency judgment was rendered.

It is a stipulated fact in the case that Haymond, as the grantee of the defendant Holee, did not, when taking a conveyance of the mortgaged property, agree to pay the note in suit or assume the mortgage by which it was secured, and, because of this fact, it is insisted, upon behalf of appellant, that the agreement between Haymond and Arthurs, the owner of the mortgage, for an extension of the time within which the note would mature, is insufficient, under the provisions of section 360 of the Code of Civil Procedure, as evidence of a continuing contract which would take the case out of the operation of the statute of limitations. The insufficiency is claimed to result from the fact that Haymond was under no legal obligation in the first instance, or at all, to pay the note or assume the mortgage, and, therefore, the extension agreement, in so far as it related to him, was not signed by a party to be charged with the original indebtedness. In other words, it is the contention of the appellant that the grantee of a mortgagor who does not assume the mortgage is a stranger to the mortgage debt to whom the provisions of section 360 of the Code of Civil Procedure do not apply, and that, therefore, the legal life of a mortgage note cannot be continued by the written agreement of such a grantee of the mortgagor.

[1] As previously stated, it is admitted that Haymond did not agree to pay the note and mortgage and never

became personally liable thereon, but, since the mortgage was on record at the time of the conveyance of the property to Haymond, the property itself continued subject to the lien of the mortgage after it was acquired by him. While, under such circumstances, the grantee is not personally liable for the debt, nevertheless, in view of the fact that our laws render the land primarily liable for the payment of a mortgage debt (*Crisman* v. *Lanterman,* 149 Cal. 647, [117 Am. St. Rep. 167, 87 Pac. 89]), the grantee of land subject to a mortgage, as long as he is the owner of the thing which is the fundamental source of satisfaction of the debt, is, to a limited extent, charged with the debt and interested in its payment. For this reason the grantee of the mortgagor who takes subject to a mortgage is not such a stranger to the mortgage or the mortgage debt that he cannot, while he is the owner of the mortgaged property, extend and continue the same as against himself and his successors in interest. (*Fitzgerald* v. *Flanagan,* 155 Iowa, 217, [Ann. Cas. 1914C, 1104, 135 N. W. 738].) Therefore, it is not necessary, in order to take a mortgage out of the operation of the statute of limitations as against the grantee of the mortgagor and his successors, that the grantee who signs the acknowledgment thereof should have personally assumed the payment of the mortgage.

[2] We turn, then, to a consideration of the form of acknowledgment in the present case. If the grantee acknowledged the existence of the debt in writing with sufficient certainty, that will suffice to take the debt out of the operation of the statute. (*Chaffee* v. *Browne,* 109 Cal. 211, 218, [41 Pac. 1028]; *State etc. Co.* v. *Cochran,* 130 Cal. 245, 251, [62 Pac. 466, 600]; *Concannon* v. *Smith,* 134 Cal. 14, [66 Pac. 40].) An actual promise to pay is not necessary. (*Foster* v. *Bowles,* 138 Cal. 346, [71 Pac. 494, 649].) When such an acknowledgment is made before the note becomes barred by the statute of limitations as applied to the date originally designated for the payment of the note, it constitutes a continuation of the life of the original obligation beyond the operation of the statute of limitations as applied to the original obligation. (*McCormick* v. *Brown,* 36 Cal. 180, [95 Am. Dec. 170]; *Daniels* v. *Johnson,* 129 Cal. 415, [79 Am. St. Rep. 123, 61 Pac. 1107]; *Rodgers* v. *Byers,* 127 Cal. 528, [60 Pac. 42].) [3] The acknowledgment of

the mortgage is an acknowledgment of the debt secured by the mortgage. (*Foster* v. *Bowles, supra; Girard etc. Co.* v. *Dixon,* 89 Neb. 557, [131 N. W. 912].) [4] And, conversely, it must be that an acknowledgment of the debt by the mortgagor's grantee, with knowledge on his part of the existence of the mortgage, as admittedly was done by the grantee of the mortgagor in the instant case, constitutes an acknowledgment of the mortgage itself and takes the same out of the operation of the statute of limitations, for the mortgage is merely an incident of the debt evidenced by the note.

[5] While the extension agreement in the instant case does not, in so many words, make mention of the mortgage, still that agreement was written upon the back of the mortgage note and made express reference thereto. The note, upon its face, bore the caption, "Note secured by mortgage," and, therefore, considered and construed in connection with the note to which it referred, the agreement to extend the time for the payment of the note constituted an unqualified acknowledgment of the mortgage and the debt secured thereby, sufficiently direct and distinct to arrest the running of the statute of limitations.

It was not essential that the plaintiff's complaint should allege, nor the trial court should find, that the conveyance from Holee, the mortgagor, to Haymond, his grantee, was made subject to the mortgage in suit. The complaint alleged that the mortgage was recorded prior to the transfer to Haymond, and, moreover, the execution of the extension agreement, particularly when coupled with the payment of a part of the principal and some of the interest due upon the mortgage note, was a sufficient acknowledgment that the property conveyed was transferred subject to the mortgage. (*Fitzgerald* v. *Flanagan, supra; McLane* v. *Allison,* 60 Kan. 441, [56 Pac. 747].) It likewise operated to toll the statute of limitations as against the successors in interest of Haymond, all of whom took the mortgaged property expressly and affirmatively subject to the mortgage and to the agreement extending the legal life of the mortgage note.

What we have thus far said in effect adversely disposes of the remaining points presented in support of the appeal.

The judgment is affirmed.

Wilbur, J., and Sloane, J., concurred.