[Civ. No. 6704. First Appellate District, Division One.—March 21, 1929.]

ANNA ARMSTRONG, Appellant, v. MARIE MAUPAS, Respondent.

James W. Bell for Appellant.

George Beebe, J. Marion Wright and Bernard L. Herlihy for Respondent.

THE COURT.—An action to recover the reasonable value of work and labor alleged to have been performed by the plaintiff for the defendant between May 15, 1905, and September 15, 1918.

The action was commenced on October 28, 1925, the complaint alleging that on August 18, 1924, the defendant, in a writing signed by her, acknowledged the indebtedness. The defendant denied the allegations of the complaint, and pleaded as a bar to the action the provisions of sections 337 and 339 of the Code of Civil Procedure. After a trial the court ordered judgment for the defendant, and findings having been waived, a judgment, from which the plaintiff appealed, was entered.

It is conceded that the claim was barred by the statute unless certain letters signed by the defendant and addressed to the plaintiff were sufficient within the provisions of section 360 of the Code of Civil Procedure to constitute a new promise. The letters were written in French, the translations being as follows:

"San Bernardino, August 18, 1924.

"Dear Sister, It is with pleasure that I received your letter, knowing that you are well, and I can say that I am the same. Dear sister, you asked me to pay you. Send me the account of what you have received and as to how you want to arrange it. You will answer me. Good bye. I will close. Hoping to have some news from you. Best regards from the part of Frank.

"MARIE."

"San Bernardino, California, October 29, 1924.

"Dear sister. I received your letter yesterday, knowing that you are well excepting that you have a bad cold. That happens in order to advance matters. I gave the papers to fix up and I have not received them as yet, and will then call on you. I received the news from home, but a little sad, also that father is not able to get up on account of his age. That is all for the present, in the meantime receive my best wishes on the part of your sister.

"MARIE."

"And the boy of Chester's, how is he?"

"Dear sister. I see that you have received the check. It is the $40 for which Frank 'phoned me about coming for the month of April in 1921. Credited to the account that you have received it makes $1836.02. You have criticized me on all sides. You have taken the old man for that. Very well. That is all. I leave. You have insulted me. You also say that you have sent me a card when the baby was born. I received none. I find it out by others."

With respect to the sufficiency of writings offered for the above purpose it was held in *Concannon* v. *Smith*, 134 Cal. 14 [66 Pac. 40], that while the statute does not prescribe any form in which the new promise shall be made the writing must show that the writer regards or treats the indebtedness as subsisting, the law implying therefrom a promise to pay; and in *Searles* v. *Gonzalez*, 191 Cal. 426 [28 A. L. R. 78, 216 Pac. 1003], that the writing must contain some reference to the debt which, either of itself or with the aid of competent evidence of extraneous facts in explanation, amounts to an admission of an existing indebtedness to the person to whom the writing is sent, for which the debtor is liable and which he is willing to pay. While part payment alone is insufficient as an acknowledgment within the above rule (*Clunin* v. *First Federal Trust Co.*, 189 Cal. 248, 253 [207 Pac. 1009]), such payment when accompanied by a writing signed by the debtor, which recognizes the debt as subsisting, is relevant on the question of the writer's willingness to pay. Here, however, the letters contained nothing amounting to an admission of an existing debt for which the writer was liable or willing to pay (*Powell* v. *Petch*, 166 Cal. 329 [136 Pac. 55]); nor was the reference therein to the sum of $40 relevant on the question as it manifestly

had no connection with the claim sued upon, but to an amount which according to the letter became due the plaintiff in 1921, long subsequent to the time when the services involved in the present action are alleged to have been rendered.

We are satisfied that the conclusions of the trial court were correct, and the judgment is accordingly affirmed.