E. H. VAN CAUTEREN, Appellant, v. ALBERT H. FORGER et al., Respondents.

W. Cloyd Snyder for Appellant.

J. Marion Wright for Respondents.

TUTTLE, J.—Plaintiff brought this action upon a promissory note executed by defendant, and to foreclose a mortgage upon real property given as security for the payment thereof. The trial court sustained a general demurrer to the complaint, without leave to amend. From the judgment of dismissal entered thereafter, plaintiff appeals.

The complaint, filed March 10, 1939, shows that the note in question was executed July 2, 1926. It was due three years after date. It is the position of respondent that the action was barred by the statute of limitations, more than four years having elapsed between the date the note was due and the time the action was commenced. (Code Civ. Proc., sec. 337.) Appellant contends that the allegations of his complaint bring the action within the saving provisions of section 360 of said code, which reads as follows:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby".

Giving a liberal construction to the allegations of the complaint, it sets forth a copy of the note and mortgage. It is alleged that the interest remained 7 per cent, as specified in the note, and until January 7, 1933, the entire interest was paid, but no portion of the principal; that on December 31, 1933, Van Cauteren told Forger that in view of his (Forger's) impaired financial condition due to the depression, he would credit all payments made during 1933, to principal, and would waive interest for that year, and that interest would be 5 per cent after January 1, 1934; that Van Cauteren thereupon credited $126 upon the principal; waived the interest for 1933; reduced subsequent interest to 5 per cent; and immediately advised Forger in writing of his said action; that thereupon, on January 1, 1934, Forger told Van Cauteren that he would make payments thereafter at the same rate, $31.50 per quarter, in payment of current interest at 5 per cent, the balance of each payment to be credited to the principal, all in consideration of Van Cauteren's action as stated to him on December 31, 1933; that payments by check continued thus to be made regularly, quarterly, and, as always, Van Cauteren in each case mailing to Forger a written

receipt, until August, 1938. These receipts were substantially as follows:

> "Los Angeles, California,
> (Date)

Received of A. H. Forger $ (Amount paid) in payment of interest $ (Amount), Principal $ (Amount) to (Date to which interest was paid). Balance $ (Amount of balance of principal).

$ (Amount of payment).

> Signed: E. H. VAN CAUTEREN."

Appellant relies entirely upon the case of *Searles* v. *Gonzalez*, 191 Cal. 426 [216 Pac. 1003]. There, a similar cause of action was held to have been taken out of the operation of the statute of limitations by "some writing, signed by the party to be charged thereby". The following quotation from that case gives all the facts upon which the opinion is predicated:

"On the ninth day of April, 1914, the cross-defendants Leroy H. and Nani A. Arnold, executed and delivered to the appellant, Mrs. Gonzalez, a certain promissory note for the sum of five thousand dollars, bearing date on that day, and due three years after date, with interest thereon at the rate of eight per cent per annum, payable quarterly. As security for the payment of such note they executed a mortgage on the real property described in the complaint, the lien of which plaintiff seeks to remove in this action. Mrs. Gonzalez placed the note and mortgage for collection with the Southern Trust and Commerce Bank of San Diego, which institution, it is admitted, acted as her agent in dealing with Arnold during the entire transaction. Arnold testified that he kept track of the quarterly interest payments through regular interest notices sent to him by the bank just shortly prior to the payments becoming due. He thereupon wrote his check to the bank for the exact amount of quarterly interest due, one hundred dollars, and 'inclosed the notice in an envelope with the check and mailed it to the bank; that was the general procedure'; or he took the notice and check in person to the bank. He continued this practice until some time in the year 1921. On one occasion, on October 13, 1917, not having received the interest notice, he wrote the Southern Trust and Commerce Bank of San Diego as follows:

'I have received no notice from you regarding interest on my note to Mrs. Maguil Gonzalez for $5000.00, which I believe was due Oct. 9, 1917. I have always received a notice from you and paid the interest at your bank. I enclose check for the amount of $100.00. If you still have the note please apply it on same; if not please return it to me and inform me if possible to whom it is to be paid'. No other writings relating to the matter were ever signed by either Arnold or his wife, and no other acknowledgments or references to the indebtedness appear to have been contained in any writings that passed between the parties connected with the transaction.''

The court held that the letter and the check sent for interest due which accompanied it, extended the statute of limitations on the note to October 13, 1921. However, the complaint was not filed until after that date, so that the letter is of no consequence in determining whether or not the statute of limitations had run subsequent to said date. In order to bring himself within the provisions of section 360, *supra,* plaintiff there proved the following facts only: that as each quarterly payment of interest became due, the agent of plaintiff, a bank, sent out ''a regular interest notice, a form filled out by saying interest will be due on the 9th of such a month . . . upon a note for $5000.00''. On the objection of plaintiff, further evidence of the contents of the notices was shut out by a ruling of the court. It was further proven that a check for the interest due was sent to the bank in response to said notice. The notice was returned in the letter which enclosed the check. The court held that the notices and the checks, as thus transmitted, when they were considered together, related to the same subject matter and constituted several parts of one connected transaction, and that: ''they were, without question, linked together in the minds of the parties to such an extent that they must be found to have adopted the notices and checks as the expression of their purpose. (*Nickerson* v. *Weld, supra*). From the relation thus established, there is such a reference of one to the other as satisfies the statutory requirement. (2 Ann. Cas. 293, note.)'' It is our opinion that the facts in the instant case bring it squarely within the rule of that case. Here, we have checks for the precise amount of interest due, mailed by the

mortgagor to the mortgagee, and the receipts for said payments mailed by the mortgagee to the mortgagor. This constituted a contract between the parties which the court in the Searles case says sufficed to bring the action within the purview of said section 360.

The case of *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 Pac. 1009], is relied upon by respondents. It was there held that checks by themselves which contain no reference to the obligation, do not meet the requirements of said last-mentioned section. This is according to the weight of authority. (See note in 125 A. L. R., p. 271.) In the Clunin case the checks covered not only the interest due, but *other obligations* as well. Here, the checks were for the *precise amount* of the interest due. This certainly was notice to the mortgagee of the purpose for which the payment was made. In this action it is also alleged that receipts were sent out by the mortgagee for all such payments, in the form shown above. The cases are therefore readily distinguishable on the facts.

We have examined the other authorities cited by respondents, and find none which cannot be reconciled with the Searles case. It may be said, however, that the latter case for the first time lays down the rule that the writing mentioned in said section 360 does not necessarily have to be confined to *one* paper or document, but the acknowledgment or promise may be inferred from *several* communications between the creditor and debtor. This follows the general rule in this state governing said section. ■ It is well established that the code section does not prescribe any form in which an acknowledgment or promise sufficient to lift the ban of the statute of limitations shall be made. It is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay. From this acknowledgment the law implies the promise to pay. (*Concannon* v. *Smith,* 134 Cal. 14, 20 [66 Pac. 40]; *Foster* v. *Bowles,* 138 Cal. 346, 351 [71 Pac. 494, 649]; *Clunin* v. *First Fed. Trust Co., supra.* The complaint, therefore, stated a cause of action.

■ Respondents contend, however, that while recovery might be had upon the note, the complaint shows that the right to *foreclose the mortgage* has been lost. The law gov-

erning the question is stated in 16 Cal. Jur., page 596, section 193, to be as follows:

"Applying to a debt secured by a lien the rule that an acknowledgment of a debt before it has become barred is to continue the obligation for an additional term, the effect is that the lien is not extinguished by the lapse of the time prescribed for bringing an action upon the original obligation, but the lien is extended for the period in which the obligation is kept alive. If the statutory period has run upon the principal obligation, a lien given as security therefor is extinguished, and a new promise or acknowledgment afterwards made does not revive or renew the lien."

From the complaint it appears that the note would have been barred by the statute of limitations on July 2, 1933, some six years prior to the commencement of this action. It alleges, however, that the sending of the checks and receipts commenced in 1931. It is for the trial court to find, if there is a retrial of this cause, whether or not the action was barred before the new contract was made. We cannot say that the complaint shows that the right to foreclose the mortgage was thus lost.

The judgment is reversed, with directions to the trial court to overrule the demurrer.

Thompson, J., and Pullen, P. J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 14, 1941.