In the Matter of the Estate of BARBARA RUTHERFURD, Deceased.

Surrogate's Court, New York County, February 2, 1944.

*Philip Feldman* for Henri Bendel, Inc., petitioner.

*Anderson, Gasser, Ferris & Anderson* for United States Trust Company of New York, as executor, respondent.

FOLEY, S. In this proceeding, Henri Bendel, Inc., the petitioner, sought to compel the executor to file an account. The answer of the executor denied the status of the petitioner as a creditor of the estate. In accordance with the customary practice of the court a trial of such status was had. The Surrogate finds upon the evidence that the claim of the petitioner does not constitute a valid debt against the estate. The application for the compulsory accounting is therefore denied.

The principal reason for such disallowance and denial is that the plaintiff sued the decedent in France in the Court for Civil Matters of the Department of the Seine and was defeated in that court and in the Court of Appeals of Paris. The Surrogate holds that the final judgment of the appellate court constituted a final determination upon the merits which is an effective bar to the recognition in the Surrogate's Court of the validity of the claim.

The Surrogate accepts as correct the interpretation of Mr. John Dubé who testified as a specialist on the law of France. He convincingly showed that the final judgment of the French courts was rendered upon the merits and that the determination was not confined to the mere dismissal by reason of the application of the French Statute of Limitations. His testimony was supported by the pertinent provisions of the French Civil Code and by the standard and recognized authors, digests and courts which have construed such provisions. (French Civil Code, art. 1358 *et seq.*, art. 2275; Dalloz " Codes Annotés", Vol. 3, p. 640; Cachard's French Civil Code.) His opinion is also supported by the terms of the final decision and judgment of the French appellate court.

The general circumstances surrounding the claim do not call for any straining or distortion of the established rules of law in New York to permit a recovery by the petitioner. It was based upon a demand for the purchase price of clothing and other articles bought by the decedent in New York in 1925. Their cost was $3,764. Shortly after the purchases and in the same year she went to Paris and remained there until her death on August 5, 1939. In the year 1934 the petitioner began its action against her. Nine years had elapsed since the purchases. The decedent pleaded the short Statute of Limitations of two years under the French law. (French Civil Code, art. 2272.) Judgment was rendered in favor of the decedent and the claim was held to be barred.

If the record had remained in that condition we may assume that the judgment of dismissal would not have constituted a bar to the petitioner to recover in New York, if the period of our Statute of Limitations had not expired. (*Warner* v. *Buffalo Drydock Co.*, 67 F. 2d 540, certiorari denied 291 U. S. 678; Restatement, Law of Judgments, § 49, p. 194; 3 Freeman on Judgments [5th ed.], § 1397.) However, the petitioner appealed from the judgment of the lower court. The first and preliminary determination of the appellate court was based upon a demand, which is afforded to a party under the French procedure, that an opponent be required to take what is called a " decisive oath ". (French Civil Code, art. 1358 *et seq.;* also, art. 2275.) Pursuant to the direction of the appellate court that the decedent should state whether the claim " has really been paid by her," she took the oath and declared that she had paid the full amount of the bill for the merchandise to the petitioner. Her exact statement was: " I swear I have paid the amount of 95,699 francs for merchandise delivered by the firm of Bendel between April and June 1925." The appellate court thereupon rendered its final judgment on November 9, 1937, which affirmed the disallowance of the claim by the court below. It constituted a final determination upon the merits against the petitioner.

Under the French law also, if the decedent refused to take the oath upon the demand of the plaintiff or if she had testified that payment had not been made, she would have lost the case and judgment would have been rendered against her. Under the French law the " decisive oath " determines the case and is final. It forever destroys the right of the alleged creditor to recover against the alleged debtor. It adds an element of finality beyond the mere lapse of the period fixed in the French Statute of Limitations. The question of payment then comes

into issue. " The decisive oath is so called because it decides the litigation. One of the parties offers to renounce his claim if the other party affirms under oath the fact on which is based his contrary contention." (From " French Civil Law " by Colin and Capitant, Vol. 2, p. 247.)

Thus the petitioner here sought the jurisdiction of the French courts. In the litigation and under its right as afforded by French procedure, it elected to rest its case upon the examination under oath of the decedent. Payment then became an issue and the testimony of the decedent established it. Jurisdiction concededly existed. The petitioner is therefore estopped from challenging the judgment rendered against it.

Complaint is now made by the petitioner that the rules of procedure and evidence in France are different from ours and do not coincide with our tests of due process.

In a case involving the conclusiveness of a judgment of a French court, our Court of Appeals held that an American court was not required to sit as a court of appeals over a French judgment, and that if the law of evidence of France differed from that of our own State, the judgment was nevertheless conclusive. Judge POUND wrote: " Here the plaintiff was the actor in the French court. After having sought the jurisdiction of the foreign tribunal, brought the defendant into that court and litigated the question there, he now seeks to impeach the judgment rendered against him. The principles of comity should give conclusiveness to such a judgment as a bar to the present action. * * * The law of the State of New York remains unchanged and the French judgment should be given full faith and credit." (*Johnston* v. *Comp. Generale Transatlantique*, 242 N. Y. 381, 388. See, also, *Cowans* v. *Ticonderoga Pulp & Paper Co.*, 219 App. Div. 120, affd. 246 N. Y. 603.)

As stated above, no reason exists to strain these established rules in order to benefit the petitioner in this proceeding. The sales occurred almost nineteen years ago. In response to the demand of the petitioner and under judicial direction, the decedent swore that she had fully paid the purchase price. Although the decedent had a large fortune in securities in New York City between 1925 and the time of her death in 1939, the petitioner never sought to sue her here with an attachment against her property. At her death she left an estate of about three hundred thousand dollars. Now after her lips are sealed by death and upon the theory that her testimony in France was false, an attempt is made to obtain from her estate what would constitute a second payment with interest over a long period of years. The interest exceeds the amount of the principal.

The claim here is stale and mouldy. It becomes subject to the rule of equity applicable in a proceeding of the nature here involved that a presumption of payment may be invoked. (*Matter of Fisher,* 173 Misc. 848, and the cases therein cited.) An " unexplained neglect to enforce an alleged right, for a long period, casts suspicion upon the existence of the right itself." (*Bean* v. *Tonnele,* 94 N. Y. 381, 386.) It " is the law of courts of equity, independent of positive legislative limitations, that they will not entertain stale demands." (*Matter of Accounting of Neilley, et al.* 95 N. Y. 382, 390. See, also, *Calhoun et al.* v. *Millard et al.,* 121 N. Y. 69, 82.)

These circumstances, along with the finding of the Surrogate that the final determinations made by the French courts were made upon the merits, necessarily lead to a disallowance of the claim attempted to be relitigated here.

Submit order on notice denying the application to compel the filing of an account accordingly.