[L. A. No. 19537. In Bank. Mar. 28, 1946.]

WESTERN COAL AND MINING COMPANY (a Corporation), Appellant, v. GEORGE H. JONES, Respondent.

Whitelaw & Whitelaw for Appellant.

Harry W. Horton for Respondent.

CARTER, J.—Three promissory notes totaling $238,000 were executed by defendant and three comakers, two payable to Festus J. Wade & Co. and one to Festus J. Wade, Jr. Two of the notes matured on January 2, 1934, and the third on January 3, 1934. The notes were transferred to plaintiff. Plaintiff's action on the notes was commenced on October 20, 1941.

Defendant defended on the ground, among others, that the action was barred by the statute of limitation (Code Civ. Proc., § 337). His defense that it was so barred is based upon the contention that the acknowledgment urged by plaintiff as taking the case out of the statute of limitation was insufficient to suspend the running of the statute, and had become res judicata as to plaintiff by reason of a judgment in Arizona against plaintiff and in favor of one Hilvert, one of the comakers with defendant on the note. Plaintiff relied upon an alleged acknowledgment or new and continuing promise as taking the case out of the operation of the statute of limitation. The court found the action to have been barred by the statute of limitation and the acknowledgment insufficient to suspend the running of the statute.

In connection with the acknowledgment it appears that stock in the S. A. Gerrard Company, a corporation, owned by the makers of the notes, was held by plaintiff as security for the payment of the notes. There having been a reorganization of the corporation which contemplated the issuance and exchange of old stock for new, plaintiff on December 10, 1938, wrote to defendant enclosing a form of "agreement" for defendant's "signature covering the exchange of stock in The S. A. Gerrard Company pursuant to the Plan of Reorganization, and in consideration of our consent to this Plan.

"We ask you to agree to endorse in blank the certificates for the new Common Stock to be issued in exchange for the 10,000 shares of old Common Stock issued in the name of Geo. H. Jones and Carolyn M. Jones and endorsed by Geo. H. Jones and Carolyn M. Jones in blank; and to return the new stock

to us in place and stead of the old stock now held by us as collateral security for the notes signed by Geo. H. Jones and others.'' Defendant returned to plaintiff the ''agreement'' executed by him, which stated that in consideration of plaintiff consenting to the reorganization of the corporation, defendant agrees that upon delivery by plaintiff to the corporation of defendant's old stock in the corporation ''which Western Coal and Mining Company [plaintiff] holds as security for the obligations of'' defendant to plaintiff, for exchange for the new stock, ''to endorse, in blank, ready for transfer, the certificates for said new Common Stock issued in exchange for said deposited stock; such endorsement to be in, substantially, the same manner, and for the same purpose that said deposited Common Stock has been endorsed by the [defendant] undersigned.'' The concluding paragraph followed, reading: ''Said new Common Stock, when so endorsed and when received by [plaintiff], will be deemed substituted by [plaintiff], as holder of the certain notes signed by the undersigned [defendant] and other parties and without releasing or in anywise impairing the liability of the undersigned [defendant] under said notes; and said new Common Stock so deposited under said notes shall be as fully *subject to the lien* of said notes as if specifically referred to and described in said notes.'' [Emphasis added.]

■ The statutory rule in respect to the tolling of the statute by a subsequent writing provides: ''No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby.'' (Code Civ. Proc., § 360.) It is to be noted that the acknowledgment and promise are stated in the alternative, thus indicating that either one or the other will be sufficient to toll the statute. ■ A promise is plainly what the word imports, namely an engagement to pay the debt. Naturally it may be either express or implied in fact. ■ The ordinary meaning of acknowledgment is an admission or recognition of the existence of the debt. Hence it would appear that an acknowledgment standing alone would be sufficient even though it is insufficient from which to imply in fact a promise to pay. It is generally assumed, however, that the acknowledgment must be unqualified and unconditional, that is, while the law will imply a promise to pay from a bare acknowledgment, it will not be

sufficient if there are circumstances showing an unwillingness to pay or refuting an intent to contract to pay, thus injecting the implied in fact promise feature into the case where such circumstances are present. The rule is stated in *Biddel* v. *Brizzolara*, 56 Cal. 374, 380: "The law, then, as now fully established both in England and in this country, clearly is: 1. That a debt barred by the Statute of Limitations may be revived by a new promise. 2. That such new promise may either be an express promise or an implied one. 3. That the latter is created by a clear and unqualified acknowledgment of the debt. 4. That if the acknowledgment be accompanied by such qualifying expressions or circumstances as repel the idea of an intention or contract to pay, no implied promise is created. . . .

"We think that § 360 of the Code of Civil Procedure does not establish a different rule in this State. The purpose of that section is to establish a rule, not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of *evidence* by which the promise or acknowledgment shall be proved." This court said in *Southern Pacific Co.* v. *Prosser*, 122 Cal. 413, 415 [52 P. 836, 55 P. 145]: "The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same; from such an acknowledgment the law implies a promise to pay." (See *Searles* v. *Gonzalez*, 191 Cal. 426 [216 P. 1003, 28 A.L.R. 78]; *Curtis* v. *Holee*, 184 Cal. 726 [195 P. 395, 18 A.L.R. 1024]; *Foster* v. *Bowles*, 138 Cal. 346 [71 P. 494, 649]; *Concannon* v. *Smith*, 134 Cal. 14 [66 P. 40]; *Sterling* v. *Title Ins. & Trust Co.*, 53 Cal.App.2d 736, 739-740 [128 P.2d 31]; *Van Cauteren* v. *Forger*, 45 Cal.App.2d 388, 392 [114 P.2d 6]; *Heiser* v. *McAlpine*, 20 Cal.App.2d 467, 471 [67 P.2d 141]; *Maurer* v. *Bernardo*, 118 Cal.App. 290 [5 P.2d 36]; *Foristiere* v. *Alonge*, 98 Cal.App. 563 [277 P. 367]; *Armstrong* v. *Maupas*, 97 Cal. App. 710, 712 [276 P. 148]; *First Nat. Bk. of Parks Rapids* v. *Pray*, 86 Cal.App. 484, 489 [260 P. 933]; *Shirley* v. *Shirley*, 83 Cal.App. 386, 390 [256 P. 823]; *Hayes* v. *O'Marr*, 81 Cal.App. 210, 212 [253 P. 749]; *Wilson* v. *Walters*, 66 Cal. App.2d 1 [151 P.2d 685]; *Outwaters* v. *Brownlee*, 22 Cal.App. 535, 538 [135 P. 300]; Rest. Contracts, § 86 (2)(a).)

■ In applying the foregoing principles to the instant case, there is no doubt that the acknowledgment was sufficient. There is nothing conditional or qualifying in defendant's admission of liability. That there is an admission of an existing liability follows from the recital that the old stock which was held as *security* for defendant's *obligation* was to be replaced by new stock which was to stand as security the same as the old, that is, serve the *same purpose* as the old. It was agreed the new stock was *deemed substituted* for the old by plaintiff as holder of the *notes*. The substitution shall not impair the liability of defendant under said *notes*. The stock shall be subject to the *lien* of said *notes*. All these factors show a clear admission of present liability. Certainly there is an unqualified admission of the lien and the existence of the stock as security for the payment of the debt. ''The acknowledgment of the mortgage is an acknowledgment of the debt secured by the mortgage.'' (*Curtis* v. *Holee, supra,* 730; see, also, *Foster* v. *Bowles, supra.*) There is a plain analogy between that rule and the circumstances here involved where the debtor acknowledges the lien and the security of the stock for the payment of the debt. Indeed not only is the lien expressly kept alive but different security is substituted in place of the old. If the debt was barred the lien on the pledged stock would fail. (Civ. Code, §§ 2911, 2877.) It is not likely that the debtor would recognize the lien and give substituted security without tacitly admitting the existence of the liability. It is not significant that nothing was said about an acknowledgment of the debt in the letter from plaintiff to defendant of December 13, 1938, inclosing the agreement here relied upon, or that because the agreement was prepared by plaintiff and was executed after the statute had run, it must be strictly construed against it, or that the main purpose of the agreement was to authorize a substitution of the stock held as security. The wording of the agreement is plain and unequivocal. Even though the purpose of the agreement was to sanction the substitution of the security, still we must take the language as it stands, and the fact remains that implicit in that purpose is the present existence of the debt, otherwise why consent to the exchange? The permission to exchange the stock and to have new stock held as security by the creditor for the payment of the debt together with the wording of the agreement definitely establishes an admission of a subsisting obligation.

 Defendant relies upon cases in which it is stated that the writing must be one by which the debtor admits a subsisting debt which he is willing to pay. Stress is laid upon the last clause of that phrase, but as we have seen from the rule stated in the authorities heretofore cited that clause means that there may be no such conditions or qualifications imposed by the acknowledgment which indicate an *unwillingness* to pay, rather than that there must be an express statement of willingness to pay in addition to the admission of a subsisting obligation. The seeming indication to the contrary in *Clunin* v. *First Fed. Trust Co.*, 189 Cal. 248 [207 P. 1009], was commented upon as follows in *First Nat. Bk. of Parks Rapids* v. *Pray, supra,* 489 : ''It is sufficient if it shows the writer treats the indebtedness as subsisting and one which the debtor is liable and willing to pay. From this acknowledgment the law implies a promise to pay (*Concannon* v. *Smith,* 134 Cal. 14 [66 P. 40] ; *Foster* v. *Bowles,* 138 Cal. 346 [71 P. 494] ; *Clunin* v. *First Fed. Trust Co.*, 189 Cal. 248 [207 P. 1009] ; *Searles* v. *Gonzalez,* 191 Cal. 430 [216 P. 1003, 28 A.L.R. 78] ). The California cases on this subject are reviewed at some length in the case of *Clunin* v. *First Fed. Trust Co., supra,* and this conclusion reached by Shaw, C. J. : 'It is clear from all these decisions that no writing is sufficient as an acknowledgment under section 360 unless it contains some reference to a debt, which, either in itself or with the aid of permissible evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent which the debtor is liable to pay and willing to pay.' Such acknowledgment may be made to an agent of the creditor or ·to some person authorized to receive it (*Searles* v. *Gonzalez, supra*).

''In the Clunin case the court quotes from *Southern Pacific Co.* v. *Prosser,* 122 Cal. 415 [52 P. 837, 55 P. 146], as follows : 'The distinct and unqualified admission of an existing debt, contained in a writing, signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute against the same.'

''There appears at first blush a difference between the Prosser case and the Clunin case inasmuch as it appears from the conclusion of the court in the latter case that the acknowledgment must contain an admission of a debt which the

debtor is liable and willing to pay. However, in the Clunin case all that the court was called upon to decide and all that was decided was that the writings offered contained no reference to any debt, or any language which could be said to be uncertain in its meaning and subject to explanation by the aid of extrinsic circumstances so as to be made to refer to a debt.''

Defendant discusses numerous cases passing upon the sufficiency of the acknowledgment or promise involved. Each case must be based upon its particular facts and instruments relied upon. Those cases concern a conditional or qualified promise or acknowledgment, or involve an acknowledgment made to a stranger or an express conditional promise which would not justify the implication of an absolute promise, or which lacked the factors existing in the case at bar. We do not have such in the case at bar. For illustration, in the case of *Powell* v. *Petch,* 166 Cal. 329 [136 P.55], doubt was cast on the admission of the debt because it was also said that it was supposed to be paid by an offset. The court did speak of admission of ''indebtedness'' as being insufficient. Assuming that is true, we have in the case at bar an admission of both liability and obligation. Defendant cites *Kemper* v. *Industrial Acc. Com.,* 177 Cal. 618 [171 P. 426], for the proposition that for an acknowledgment to take the case out of the statute of limitation the creditor must prove that he relied upon it. That case does not involve an acknowledgment. It was concerned with an estoppel to plead the statute. The theory of acknowledgments and new promises with respect to the statute of limitation is contract not estoppel. Special reliance is placed upon *Estate of Azevedo,* 17 Cal.App.2d 710 [62 P.2d 1058], but the court there did not pass upon the sufficiency of the acknowledgment as such. It merely held it unavailing as it did not run to the creditor.

■ Defendant claims that the issue of the sufficiency of the acknowledgment was one of fact, pointing to the circumstances surrounding its execution, that is, its preparation by plaintiff and the letter of transmittal; and that the finding of the trial court is conclusive, citing *Sherwood* v. *Lowell,* 34 Cal.App. 365 [167 P. 554]; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625 [250 P. 669, 48 A.L.R. 1308]. In the case at bar there was no conflict in the evidence and the circumstances do not alter the interpretation of the agreement. The interpretation of a written instrument and its sufficiency as an acknowledgment is a question of law where there is no conflict

in the evidence or issue of credibility of oral testimony. (*Sterling* v. *Title Ins. & Trust Co.*, 53 Cal.App.2d 736 [128 P.2d 31]; *Concannon* v. *Smith, supra,* 20.) The general rule now in effect with relation to the interpretation of written instruments was stated in *Estate of Platt*, 21 Cal.2d 343, 352 [131 P.2d 825]: "An appellate court is not bound by a construction of the contract based solely upon the terms of the written instrument without the aid of evidence, . . . where there is no conflict in the evidence, . . . or a determination has been made upon incompetent evidence."

The judgment and decision on appeal in *Western Coal & Mining Co.* v. *Hilvert*, 60 Ariz. 537 [142 P.2d 411], is urged as a controlling precedent and res judicata in the present action. There an action was commenced in Arizona by plaintiff here on the same notes here involved, against one of the defendant's comakers. It was claimed that the case was taken out of the statute of limitation by the same agreement here considered and the judgment of the trial court against that claim was affirmed. Insofar as precedent is concerned, we do not agree with the conclusion there reached. It fails to give full effect to what is deemed to be the law in California as above expressed, that is, that a promise will be implied by law from an unconditional acknowledgment unless the purport of the document is that the admission of the debt is qualified.

It may be that, as against the claim of lack of mutuality of estoppel and lack of identity of the parties (the defendants are different), a judgment unfavorable to the plaintiff-holder of a note based on a defense which is the same and common to all the defendant-makers in an action by the plaintiff-holder against one of the defendant-makers, is res judicata as to the plaintiff-holder in a subsequent action against one of the other makers. (See *Bernhard* v. *Bank of America*, 19 Cal.2d 807 [122 P.2d 892].) Be that as it may, a judgment against a plaintiff in one state on the ground that the statute of limitation has run on the obligation is not res judicata in an action in a sister state on the same obligation insofar as the statute of limitation is concerned. The rule has been thus stated: "A judgment for the defendant may be based upon the ground that the plaintiff is not entitled to maintain an action in the State in which the judgment is rendered and not on a ground which would be applicable to an action in other States. In such a case the judgment is on the merits to the extent that it will bar the

plaintiff from maintaining a further action in that State, but it is not on the merits so far as actions in other States are concerned. Thus, if the plaintiff brings an action to enforce a claim in one State and the defendant sets up the defense that the action is barred by the Statute of Limitations in that State, the plaintiff is precluded from thereafter maintaining an action to enforce the claim in that State. He is not, however, precluded from maintaining an action to enforce the claim in another State if it is not barred by the Statute of Limitations in that State." (Rest., Judgments, § 49, comment a.) (See *United States Bank* v. *Donnally,* 8 Pet. (33 U.S.) 361, 369 [8 L.Ed. 974] ; *Brent* v. *Bank of Washington,* 10 Pet. (35 U.S.) 596, 617 [9 L.Ed. 547] ; *Brand* v. *Brand,* 116 Ky. 785 [76 S.W. 868, 63 L.R.A. 206] ; *Warner* v. *Buffalo Drydock Co.,* 67 F.2d 540 (cert. denied, 291 U.S. 678 [54 S.Ct. 529, 78 L.Ed. 1066]) ; *In re Rutherfurd's Estate,* 46 N.Y.S.2d 871, 873 ; Freeman on Judgments (5th ed.), vol. III, § 1397 ; 31 Am.Jur. Judgments, § 545.) One theory of the authorities appears to be that a judgment determining that an action is barred by the statute of limitation is not one on the merits and therefore is not res judicata. ■ The general rule is that the running of the statutory period does not extinguish the cause of action, but merely bars the remedy. That is the law in California. (*Mitchell* v. *Automobile etc. Underwriters,* 19 Cal.2d 1 [118 P.2d 815, 137 A.L.R. 923] ; 16 Cal.Jur. 599.) ■ The law of the forum rather than where the obligation arose governs statutes of limitation and their applicability (*Biewend* v. *Biewend,* 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264] ; 16 Cal.Jur. 411), except "When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued." (Code Civ. Proc., § 361.) Therefore, Arizona was applying its own law in *Western Coal & Mining Co.* v. *Hilvert, supra,* not California law because the Arizona court was the forum. In the instant case the California court is the forum and we apply our law which, as we have seen, reaches a different result. There is no merit in the contention that plaintiff is thus enabled improperly to "shop around" to find the state with the most favorable

law. He must sue defendant where he is able to serve process upon him and that is a matter under defendant's control.

Assuming but not deciding that the exception to the application of the law of the forum contained in section 361 of the Code of Civil Procedure is applicable, the result would be the same. The notes in the instant case were payable in Missouri. Hence the cause of action thereon arose in Missouri where the contract was to be performed within the meaning of section 361. (*McKee* v. *Dodd*, 152 Cal. 637 [93 P. 854, 125 Am.St.Rep. 82, 14 L.R.A.N.S. 780].) Under the Missouri statute of limitation (Mo.R.S.A., § 1013, a 10-year period) the action would not be barred.

Other points are urged by respondent as supporting the judgment but should be considered on retrial.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.