[Civ. No. 48316. Second Dist., Div. Two. Aug. 17, 1976.]

ELMER D. BUESCHER, Plaintiff and Respondent, v.
FREDERICK A. LASTAR, Defendant and Appellant.

COUNSEL

L. P. Scherb for Defendant and Appellant.

Trope & Trope and Timothy S. Harris for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Respondent Buescher recovered a judgment against appellant Lastar for the full amount of a demand note which was barred by the statute of limitations (Code Civ. Proc., § 337) on the theory that a written acknowledgment of its continued validity as provided for by Code of Civil Procedure section 360[1] was made by appellant the maker of the note.

The facts as stipulated and found by the trial court cryptically summarized reflect that the note was made by appellant to respondent on September 10, 1965; no time for its payment was expressed therein; the statute of limitations expired on September 10, 1969, and the statute

---

[1]Section 360 provides as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred."

was pleaded. On July 1, 1970, appellant wrote to respondent saying, " . . . about repaying the loan. Well at this time it is impossible." On March 3, 1971, respondent wrote to appellant "can you give me any commitment . . . as to repayment. We can't just let it ride year after year . . ."; on March 11, 1971, appellant wrote to respondent: "In prior letters I told you financially I am down. Well I went to a few places and they request a copy of the note. I can't do anything without it so if you could send a copy we will see what can be worked out." On October 10, 1971, respondent wrote to appellant: "I need some money. . . . [¶] Let's make some kind of arrangement covering the note you owe me. [¶] I don't want to have to take the matter up with a lawyer, as that will be more expensive for both of us. [¶] So as a gentleman won't you please come up with a reasonable regular payment to pay off this note." On October 18, 1971, appellant wrote to respondent: "In regards to money, I just don't have any . . . . [¶] If you feel you must take the matter up with an attorney this would be entirely up to you, but as far as I can see you would have very little to gain since we have very little."

The letters referred to above were signed by the respective senders and the excerpts above are those which are pertinent.

The trial court found the following and we agree: "The above quoted expressions in the letters from defendant . . . each constitute an acknowledgment of the debt created by the September 10, 1965 promissory note. Each such acknowledgment is unconditional, and there is no indication in any one of the aforesaid three letters from defendant to plaintiff of an unwillingness to pay said debt."

In its conclusions of law pertinent to and predicated on its findings, the court stated: "The relevant expressions in the letters from defendant to plaintiff dated July 1, 1970, March 11, 1971, and October 18, 1971, each constitute a written, unconditional acknowledgment of the debt, created by the aforesaid note, signed by the debtor, and communicated to the creditor of a character sufficient to revive the obligation notwithstanding the operation of the statute of limitations."

The writings signed by appellant above referred to severally and collectively comprise a type of written "acknowledgment" embraced in and consistent with section 360 of the Code of Civil Procedure as that section has been construed.

Appellant's acknowledgment suggested no new conditions for payment of the note; he briefly and flatly admitted he owed the money but cautioned respondent that it would be useless to sue. The unqualified

recognition of the legally expired obligation creates by law an implicit waiver of the statute of limitations and a promise by appellant to pay. (*Sterling* v. *Title Ins. & Trust Co.* (1942) 53 Cal.App.2d 736, 741 [128 P.2d 31]; *Western Coal & Mining Co.* v. *Jones* (1946) 27 Cal.2d 819, 822 [167 P.2d 719, 164 A.L.R. 685], and cases cited therein on p. 823; *Maurer* v. *Bernardo* (1931) 118 Cal.App. 290, 294 [5 P.2d 36]; *McCormick* v. *Brown* (1868) 36 Cal. 180, 185.)

Appellant placing his reliance on cases such as *Maurer* v. *Bernardo, supra, Rodgers* v. *Byers* (1900) 127 Cal. 528 [60 P. 42], and *Heiser* v. *McAlpine* (1937) 20 Cal.App.2d 467, 471 [67 P.2d 141], misconceives their application to the facts undisputed at bench.

Thus in *Maurer* and similar cases cited the debtor, coupled acknowledgment of the expired debt with conditions as to its payment. Such a conditional acknowledgment waives the statute of limitations but only if the conditions on which the acknowledgment was made are met. Thus in *Maurer* the court said at page 294: "The letter in question was a *conditional* promise to pay the note when he could, not according to any particular terms, but *solely upon his financial ability to pay.* If the defendant in this case made any promise at all, it was a conditional promise upon his ability to pay, and in order to rely upon that promise, plaintiff must plead it as a new cause of action, and prove defendant's ability to pay. [Citations.] This plaintiff failed to do." (Italics original.)

The facts at bench constituted an unequivocal acknowledgment of the debt evidenced by the note; no new terms or conditions were requested or suggested by appellant debtor. The most that can be said for appellant's position is that he advised respondent that legal action would not result in full collection.

■ The note herein sued upon provides for an allowance of reasonable attorney's fees incurred in enforcing the provisions thereof. Attorney's fees were allowed for services rendered in the trial court. Such provision authorizes an allowance for services rendered on appeal in this court. (*Lawrence Block Co.* v. *England* (1962) 211 Cal.App.2d 318, 325 [27 Cal.Rptr. 362].) Accordingly, we fix as a reasonable allowance for services on appeal the sum of $400 which shall be added to the judgment.

The judgment as supplemented above is affirmed.

Fleming, J., and Beach, J., concurred.

A petition for a rehearing was denied September 8, 1976, and the opinion was modified to read as printed above.