[No. B017876. Second Dist., Div. Three. Feb. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE JAMES VARON, Defendant and Appellant.

COUNSEL

Robert Alden Welbourn for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and Richard L. Walker, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

## INTRODUCTION

Eddie James Varon appeals from the judgment entered (order granting probation) following a court trial that resulted in his conviction of embezzlement and falsification of accounts by a public officer (Pen. Code, § 424, subd. 1), grand theft (Pen. Code, § 487, subd. 1) and falsification of public records (Gov. Code, § 6200). We affirm.

## CONTENTIONS

"I. Appellant was illegally convicted in count I of violation Penal Code section 424.1 because the debts allegedly owed the County of Los Angeles were either barred by the statute of limitations or had been previously written off as uncollectible, therefore, no public monies within the meaning of Penal Code section 426 were embezzled.

"II. In the position held by appellant with the county he was not placed in charge of safeguarding, controlling, nor was he authorized to collect public [monies], therefore, his conviction of violating Penal Code section 424.1 should be reversed.

"III. Government Code section 6200, set forth in count III, explicitly concerns acts of an officer custodian, committing a theft, destroying or removing certain public documents, and since appellant was not such an officer, his conviction for violation of this section should be reversed."

## STATEMENT OF FACTS

Viewed according to the usual rule governing appellate review (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16

A.L.R.4th 1255]), the evidence established that appellant was employed by the Department of Collections for the County of Los Angeles during January 1984.[1] He was assigned to work on a special project which had as its goal the collection of previously uncollectible accounts.

In February 1984, demand letters were mailed to thousands of delinquent account holders whose debts were legally uncollectible due to the running of the statute of limitations or unenforceable for other reasons.

Appellant's job was to interview account holders who responded to the letters and determine how much of their debts, if any, they could pay. Appellant had the authority to arrange installment payment plans, or to negotiate compromise agreements by accepting partial payment of amounts due as payment in full, subject to the approval of his supervisor.

Appellant was prohibited from collecting payment directly from account holders. Rather, once the amount of payment was determined, debtors were supposed to be directed to a cashier's window where payments would be recorded and receipts issued.

Luz DeRenteria, Julia Perez, Ricardo Barrera Bustamante, Velia Bernal, Maria Hernandez, Maria Camarena, Julio Grajeda, Elvira Olazabel and Ascencion Flores responded to the demand letters and were referred to appellant to discuss their delinquent accounts.[2] Appellant negotiated compromise agreements and personally accepted cash payments from each of these debtors, representing to each that the amounts were received either in partial or full settlement of their accounts. Appellant kept the money and did not deliver it to the cashier.[3]

DISCUSSION

I.

 Appellant's contention, that he did not embezzle public moneys within the meaning of Penal Code section 424, of subdivision 1, because the

---

[1]The Department of Collections is a part of the Office of Treasurer Tax Collector of Los Angeles County.

[2]It was stipulated that the debts owed by these persons were legally uncollectible due to the running of the statute of limitations.

[3]In the ordinary course of his employment, appellant was required to prepare certain documents memorializing compromise agreements negotiated on the county's behalf. In each of the above cases, appellant camouflaged his misappropriation of money by preparing these documents to reflect that the debts in question had been completely excused without further payment, or that the debtor had paid or agreed to pay an amount less than that actually received by appellant in settlement of the account.

debts were barred by the statute of limitations, or were otherwise uncollectible, is meritless.

The running of the statute of limitations did not extinguish the obligations of account holders, but rather precluded litigation by the county as a method of collection. (Cf. *Western Coal & Mining Co.* v. *Jones* (1946) 27 Cal.2d 819, 828 [167 P.2d 719, 164 A.L.R.685].) Furthermore, the conduct of account holders, acknowledging their indebtedness to the county, waived the statute of limitations. (Cf. *Western Coal & Mining* v. *Jones, supra,* at p. 822; *Buescher* v. *Lastar* (1976) 61 Cal.App.3d 73, 75-76 [132 Cal.Rptr. 124].)

## II.

■ The related contention, that appellant was not charged with the receipt, safekeeping, transfer or disbursement of public moneys, and thus was not properly convicted of violation of Penal Code section 424, subdivision 1, is equally meritless.

Appellant's responsibility to determine how much money, if any, the county could collect from delinquent account holders, and to negotiate payment schedules and compromise agreements, enabled him to control the collection and receipt of public moneys within the meaning of the statute. (*People* v. *Evans* (1980) 112 Cal.App.3d 607, 616 [169 Cal.Rptr. 240]; *People* v. *Sperl* (1976) 54 Cal.App.3d 640, 659 [126 Cal.Rptr. 907] cert. den. *Sperl* v. *California* (1976) 429 U.S. 832 [50 L.Ed.2d 97, 97 S.Ct. 95].)

## III.

■ Finally, the contention that appellant was not an officer custodian of public records within the meaning of Government Code section 6200 is also without merit. Apart from the fact that this was not appellant's theory of defense in the trial court, appellant's responsibilities as an employee of the Treasurer Tax Collector were sufficient to establish his status as an officer custodian of the Department of Collections records for purposes of conviction. (Cf. *City Council* v. *McKinley* (1978) 80 Cal.App.3d 204, 210 [145 Cal.Rptr. 461]; *People* v. *Strohl* (1976) 57 Cal.App.3d 347, 361 [129 Cal.Rptr. 224]; Gov. Code, §§ 24000, 24100.)

DISPOSITION

The judgment (order granting probation) is affirmed.

Klein, P. J., and Danielson, J., concurred.