Filed 4/16/26 Certified for Publication 5/12/26 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BHASKAR DAWADI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PRASANNA ADHIKARI et al.,<br><br>    Defendants and Respondents. | D086131<br><br><br><br>(Super. Ct. No. 24CU003740C) |

APPEAL from a judgment of the Superior Court of San Diego County, Catherine A. Richardson, Judge.  Affirmed.

Daniel J. Winfree for Plaintiff and Appellant.

Sterling Law Group, Randall C. Sterling and Justin R. Sterling for Defendants and Respondents.

Bhaskar Dawadi appeals from a judgment of dismissal entered after the trial court sustained a demurrer without leave to amend on statute of limitations grounds.  On our independent review, we conclude that his claims were barred by the statute of limitations.  Accordingly, we affirm the judgment.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

## A.  The Loan Agreement and Default

In January 2015, Dawadi loaned money to Pradhi, Inc.—a corporation controlled by respondent Prasanna Adhikari—under a written agreement requiring repayment within one year at zero percent interest.  Adhikari made no payments during the one-year repayment period that ended in January 2016.

## B.  Payments

Beginning in June 2021, about five and one-half years after the loan was due, Adhikari made three $1,000 payments.  The first two checks noted within the memo section:  "BR Dawadi-Pradhi Loan Payment."  The third, made in November 2023, only stated:  "Payment."  Adhikari subsequently denied ever having borrowed money from Dawadi.  Dawadi also attempted to obtain a personal guarantee from Adhikari, which Adhikari refused.

## C.  Litigation

In July 2024, Dawadi filed a complaint alleging two causes of action for breach of contract and one for fraud in the inducement.  Respondents demurred on multiple grounds, including the statute of limitations.  Dawadi opposed, arguing that the check annotations constituted a written acknowledgment of the debt sufficient to revive it under *Western Coal and Mining Co. v. Jones* (1946) 27 Cal.2d 819 (*Western Coal*).

The trial court sustained the demurrer without leave to amend.  The court found the four-year statute of limitations under Code of Civil Procedure section 337[1] had run by January 2020; that the 2021 payments could not by themselves revive the barred claim under section 360; and that *Western Coal*

---

[1]    All further statutory references are to the Code of Civil Procedure.

2

was distinguishable because it involved a subsequently executed written agreement between the parties, not check annotations. This appeal followed.

## II. DISCUSSION

Dawadi contends the trial court erred in sustaining the demurrer because the check annotations constituted a sufficient written acknowledgment of the debt to create a new contract and revive the barred cause of action. We disagree.

### A. Guiding Principals

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is de novo. " 'We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions, or conclusions of law.' " *(Best v. Ocwen Loan Services, LLC* (2021) 64 Cal.App.5th 568, 574.) " 'When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.' " (*Ibid.*) When it is sustained without leave to amend, " 'we decide whether there is a reasonable possibility that the defect can be cured by amendment.' " (*Ibid.*) And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Where, as here, the statute of limitations appears on the face of the complaint and its attached exhibits, the question whether the claim is time-barred is a pure question of law. Written documents attached to the complaint are incorporated into it and may be considered on demurrer.

3

(*Qualcomm, Inc. v. Certain Underwriters at Lloyd's London* (2008) 161 Cal.App.4th 184, 191.)

Section 360 provides that, "No acknowledgment or promise is sufficient evidence of a new or continuing [tolling] contract" for the statute of limitations "unless the same is contained in [a] writing, signed by the party to be charged." For promissory notes, a payment on principal or interest may stop the running of the limitations period, but only prospectively, and only if made before the period has expired. The statute expressly provides that "no such payment of itself shall revive a cause of action once barred." (§ 360.)

California law recognizes a distinction between acknowledgments made before and after the statute of limitations has run. An acknowledgment made before the limitations period expires "does not create a new obligation" but "merely continues the original obligation through a new statutory period." (*Eilke v. Rice* (1955) 45 Cal.2d 66, 73.) By contrast, the "acknowledgment of a debt already barred by the statute gives rise to a new contract and a new cause of action dating from the acknowledgment." (*Ibid.)* However, for such an acknowledgment to be legally operative, it must constitute a "direct, unqualified, and unconditional admission of a debt which a party is liable and is willing to pay." (*Curtis v. City of Sacramento* (1886) 70 Cal. 412.) "The unqualified recognition of the legally expired obligation creates by law an implicit waiver of the statute of limitations and a promise by appellant to pay." (*Buescher v. Lastar* (1976) 61 Cal.App.3d 73, 75–76 (*Buescher*).) If the "acknowledgment is accompanied by . . . qualifying expressions or circumstances" that "repel the idea of an intention . . . to pay, no implied promise is created." (*Western Coal, supra*, 27 Cal.2d at p. 823.)

4

**B.    Analysis**

Here, the loan was due in January 2016.  The statute of limitations for a written contract is four years.  (§ 337.)  The cause of action was therefore barred as of January 2020—more than four years before this suit was filed in July 2024.  The statute of limitations bar is apparent on the face of the complaint.  Importantly, the statute of limitations operates as a procedural bar to the remedy, not an extinguishment of the underlying debt.  (*McCormick v. Brown* (1868) 36 Cal. 180.)  The debt may persist in a moral sense, but Dawadi's legal remedy expired in January 2020.

The three payments Adhikari made beginning in June 2021 were made after the limitations period had already expired.  Under the plain language of section 360, those payments cannot by themselves revive the barred cause of action.  (*Eilke v. Rice, supra*, 45 Cal.2d at pp. 73–74; *Kaichen's Metal Mart, Inc. v. Ferro Cast Co.* (1995) 33 Cal.App.4th 8, 15.)  Section 360 applies only to continuing contracts against which the statute has not yet run at the time of the payment or acknowledgment; the payments do not "revive a cause of action once barred."  The payment rule of *Martindell v. Bodrero* (1967) 256 Cal.App.2d 56, which holds that a partial payment before expiration of the limitations period is sufficient to extend the bar, is therefore inapplicable here.

Dawadi argues, however, that the check annotations, "BR Dawadi-Pradhi Loan Payment," constitute a written acknowledgment sufficient to create a new contract and a new cause of action under *Western Coal* and *Eilke*.  We are not persuaded.

The standard for a sufficient post-expiration written acknowledgment is demanding.  The acknowledgment must be unqualified and unconditional, a flat, direct admission of the debt.  In *Buescher*, the Court of Appeal found

5

sufficient acknowledgment where the debtor wrote letters years after the limitations period had run, flatly admitting he owed the money. (*Buescher, supra*, 61 Cal.App.3d at p. 76.) The court held that this unqualified recognition and acknowledgement of the expired obligation was by itself sufficient to revive the debt because it constituted an implicit waiver of the statute of limitations. (*Ibid*.)

The check annotations here do not meet that standard. The notation "BR Dawadi-Pradhi Loan Payment" identifies a payee and categorizes a transaction for accounting purposes. It does not constitute an unqualified admission of a subsisting obligation, a statement of the amount owed, a promise to pay any remaining balance, or a waiver of any defense. It is an accounting notation, not an acknowledgment.

Moreover, the surrounding circumstances decisively rebut any inference of an unconditional intent to pay. Dawadi's own complaint alleges that Adhikari refused his explicit request to personally assume or revive the debt and subsequently denied having borrowed the money at all. An explicit refusal to revive a debt is the clearest possible "qualifying expression" that repels the idea of an intention or contract to pay within the meaning of *Western Coal*. (*Western Coal, supra,* 27 Cal.2d at p. 823.) Where the record reflects a clear, unqualified *denial*, not a clear, unqualified *acknowledgment*, the check annotations cannot bear the legal weight Dawadi places on them.

Finally, the loan agreement's own terms foreclose the argument. The contract contained an integration clause and required any amendment to be in writing, signed by *both parties*. A unilateral check annotation does not satisfy that requirement.

*Western Coal* is distinguishable. In that case, the parties executed a new, intervening written agreement, signed by both parties, that expressly

6

referenced the underlying obligations, thus constituting a formal instrument that functioned as a new contract.  Such an instrument does not exist here. The trial court correctly distinguished *Western Coal* on this basis.

### III. DISPOSITION

The judgment is affirmed. Adhikari is awarded the costs on appeal.


KELETY, J.

WE CONCUR:


DO, Acting P. J.


HUFFMAN, J.*

---

\*　　Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BHASKAR DAWADI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PRASANNA ADHIKARI et al.,<br><br>    Defendants and Respondents. | D086131<br><br><br>(Super. Ct. No. 24CU003740C)<br><br><br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed April 16, 2026 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

1

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

DO, Acting P.J.

Copies to:  All parties